### Mrs. Linnie Neely et al. v. Fort Worth & Rio Grande Railway Company.

#### No. 1183.    Decided February 26, 1903.

**Negligence—Proximate and Remote Cause.**

Negligence of a railway company in permitting water escaping from its tank to form a mud hole in the public street could not be held a proximate cause of injury to one whose horse, running away, threw him from the vehicle by running it into such mud hole, the injury being one which could not have been foreseen. (Pp. 277-279.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Erath County.

*John J. Hiner, Daniel & Keith,* and *Parks & Hudson,* for appellant.— The negligence of the company, if any, in causing and permitting the mud hole to remain in its then condition, was the proximate cause, in a legal sense, of the injury resulting in the death of the deceased, and

no other fact alleged or proven could be the proximate cause; because if the wheels went into the hole and threw the deceased from the buggy, it was, in the nature of things, the direct and proximate cause of the death of the deceased. That the hole was, in the very nature of things, the proximate cause of the accident, see Gulf, C. & S. F. Railway Co. v. Rowland, 90 Texas, 370; Railway Co. v. McCoy, 90 Texas, 264.

The question as to whether the death of Charles Neely proximately resulted from the creation by appellee of a public nuisance in a public street in the city of Granbury, was a question of fact for the determination of the jury before whom the case was tried, and not a question of law, or of judicial knowledge for the court. Mex. Natl. Railway Co. v. Mussette, 86 Texas, 308.

If, as alleged in the petition, the horse was under fright and running away, and running along a public street in the city of Granbury at the time of the accident, and if the accident and death would not have resulted but for the existence of a hole in the public street, and if the hole in the public street was created by the defendant without authority of the city of Granbury, the hole was a nuisance, and the act of the creation or maintenance of it was unlawful in itself, and the court should have instructed the jury that it was a nuisance and unlawful per se, and if the jury should find that the defendant created the hole, and should further find that the accident and death would not have occurred but for its existence, they would find a verdict for the plaintiffs, and therefore the court erred in sustaining special exception No. 1. City of Fort Worth v. Crawford, 74 Texas, 111; City of Dallas v. Jones, 93 Texas, 38; Baldbridge, etc., Bridge Co. v. Cartrett, 75 Texas, 628; Irvine v. Wood, 51 N. Y., 578; Wood's Law of Nuisances, 2 ed., p. 807-808; Shearm. & Redf. on Neg., 5 ed., sec. 365; Cooley on Torts, p. 69; 2 Chitty's Blackstone, 3d book, pp. 172, 173; 2 Dillon on Mun. Corp., 4 ed., sec. 1026; City of San Antonio v. Porter, 24 Texas Civ. App., 444; Eads v. City of Marshall, 29 S. W. Rep., 170.

It was immaterial that the horse was running away at the time the buggy wheel went into the hole, or that the horse was already under fright at the time the buggy wheel went into the hole, if the accident to the deceased in being thrown from his buggy would not have occurred but for the existence of the hole, as the hole and its unlawful creation would be deemed the proximate cause of his being thrown from the buggy, and therefore the proximate cause of the accident; and it was error to sustain special exception No. 1. City of Dallas v. Jones, 93 Texas, 38; Baldridge, etc., Bridge Co. v. Cartrett, 75 Texas, 628; Ring v. City of Cohoes, 77 N. Y., 83; Baldwin v. Turnpike Co., 40 Conn., 238; Houfe v. Town of Fulton, 29 Wis., 296; Byerly v. City of Anamosa, 79 Iowa, 204; Turnpike Co. v. Batemen, 68 Md., 389; Hull v. Kansas City, 54 Mo., 598; Hunt v. Pownal, 9 Vt., 411; Irvine v. Wood, 51 N. Y., 224; Plymouth v. Graver, 125 Pa. St., 24; Burrell v. Uncapher, 117 Pa. St., 353, 11 Atl. Rep., 619; Horstick v. Dunkle, 145 Pa. St., 220; St. Louis, I. M. & S. Railway

Co. v. Aven, 32 S. W. Rep., 500; Shearm. & Redf. on Neg., 10; 2 Thomp. on Neg., 1085; 2 Dillon on Mun. Corp., 4 ed., secs. 1007, 1020; Palmer v. Andover, 2 Cush., 600; St. Louis, I. M. & S. Railway Co. v. Scott, 59 S. W. Rep., 762; Dixon v. Brooklyn N. Railway Co., 100 N. Y., 170; Board of Comrs. Sullivan Co. v. Sisson, 2 Ind. App., 311; Flagg v. Town of Hudson, 142 Mass., 280; Village of Cartersville v. Cook (Ill.), 22 N. E. Rep., 14; Louisville N. A. & C. Railway Co. v. Lucas, 119 Ind., 583; Grimes v. Louisville N. A. & C. Railway Co. (Ind. App.), 30 N. E. Rep., 200; Ohio & M. Railway Co. v. Trowbridge, 26 N. E. Rep., 64; Belk v. People, 125 Ill., 584; W. S. M. Co. v. Richter, 28 N. E. Rep., 446; Calder v. Smalley, 23 N. W. Rep., 638.

The petition showed that the creation of the hole and its maintenance by appellee was a nuisance and unlawful in itself, and when such is the case and an accident results therefrom, it is not necessary for the person who created the nuisance or who has been guilty of the unlawful act to be reasonably able to anticipate that that accident or some similar accident might occur, in order to create liability, but the party is responsible for all the results of the unlawful act. Railway v. Bigham, 38 S. W. Rep., 162; W. S. M. Co. v. Richter, 28 N. E. Rep., 446; Railway Co. v. Wood, 113 Ind., 544; Hill v. Winsor, 118 Mass., 251.

When an accident occurs, the question of what was the direct and proximate cause of the accident is ordinarily a question for the jury, and not a question of law for the court, and therefore the court erred in sustaining special demurrer No. 1. Gonzales v. City of Galveston, 84 Texas, 3; Jones v. George, 61 Texas, 345; Railway Co. v. McKensey, 78 Texas, 298; Weick v. Lander, 75 Ill., 93.

When two or more acts concur or share in producing an injury, and when one of those acts is unlawful in itself and the other is lawful in itself, the cause of the accident will be attributed to the act that is unlawful in itself, the law passing by the innocent act, and attributing the accident to the unlawful act, as the proximate cause, and therefore the court erred in sustaining defendant's special exception No. 1. City of Dallas v. Jones, 93 Texas, 38.

[From a motion for rehearing in the Supreme Court, which was overruled.]—We cite, in addition to the authorities already cited, the following authorities: Ring v. City of Cohoes, 77 N. Y., 83; Baldwin v. Turnpike Co., 40 Conn., 238; Houfe v. Town of Fulton, 29 Wis., 296; Byerly v. City of Anamosa, 79 Iowa, 204; Turnpike Co. v. Bateman, 68 Md., 389; Hull v. City of Kansas, 54 Mo., 598; Hunt v. Pownal, 9 Vt., 411; Irvine v. Wood, 51 N. Y., 224; Plymouth Tp. v. Graver, 125 Pa. St., 24; Burrell Tp. v. Uncapher, 117 Pa. St., 353; Horstick v. Dunkle, 145 Pa. St., 220; St. Louis, I. M. & S. Railway Co. v. Aven, 32 S. W. Rep., 500; Shearm. & Redf. on Neg., 10; 2 Thomp. on Neg., 1085; 2 Dillon on Mun. Corp., 4 ed., secs. 1007, 1020; Palmer

v. Andover, 2 Cush., 600; St. Louis, I. M. & S. Railway Co. v. Scott, 59 S. W. Rep., 762; Dixon v. Brooklyn & N. Railway Co., 100 N. Y., 170; Board Comrs. Sullivan Co. v. Sisson, 2 Ind. App., 311; Flagg v. Town of Hudson, 142 Mass., 280; Village of Carterville v. Cook (Ill.), 22 N. E. Rep., 14; Louisville, N. A. & C. Railway Co. v. Lucas, 119 Ind., 583; Ohio & M. Railway Co. v. Trowbridge, 26 N. E. Rep., 64; Belk v. People, 125 Ill., 584; Calder v. Smalley, 23 N. W. Rep., 638.

*West, Chapman & West,* for appellee.—The court properly sustained appellee's special exception number 1 to appellant's petition. Fort Worth & R. G. Railway Co. v. Neely, 60 S. W. Rep., 282; Seale v. Railway Co., 65 Texas, 274; Railway v. Bigham, 90 Texas, 223.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Second Supreme Judicial District, as follows:

"We deem it advisable to certify to your honors for decision the question or questions stated below:

"This appeal is from a judgment denying the widow and children of Charles Neely the recovery sought by them of damages resulting from his death, which occurred December 11, 1896, from mortal injuries received the day before at one of appellee's railway crossings in Granbury, Texas, and under the following circumstances, as detailed by Dr. Magnus, appellant's first witness: 'At the place where Neely received his injuries he was trying to hold his horse when he was thrown from his hack. He was traveling in his one-horse hack. The horse was badly frightened, and ran. Neely tried to hold him. Neely drove across defendant's track at crossing east of defendant's water tank. There were standing on defendant's switch track north of main line and west of crossing a string of box cars. There was between said depot and crossing a train on defendant's main line moving east towards said crossing. Neely nor the horse could see said moving train until they got on defendant's main line from behind said box cars standing on switch track. When Neely drove onto the main line the horse became frightened at the train moving towards the horse, and ran southwest into a wire fence south of track. Neely was trying to hold the horse, and pulled or jerked him out of the wire fence. The horse then ran down the wire fence west, ran the front wheel of the wagon against the fence post, threw Neely from seat of vehicle onto his knees between the seat and the dashboard; the horse continued to run west to a mud hole where two wheels on left side of wagon ran into the mud hole, careened Neely to the left, and just as he was about to regain his equilibrium, the left front wheel of the wagon struck some hard substance in the edge of the mud hole, and at the same time the wheel struck said hard substance, the horse dashed suddenly to the left around the mud hole from the train, when Neely fell out and received the injury which caused his death.' In a deposition offered by appellee, this witness stated that when Neely pulled his horse into the wire fence the horse stopped, and he thought

the 'horse would have been all right, but Mr. Neely slapped him with the lines and the horse started again.' Witness Elliott, offered by appellee, gave the same version at this point and added: 'And just as he started him he ran over an old wood frame that was lying there next to the fence, and that pitched him, started him out of the seat, then as he ran down in that little ditch there was there by the tank, that pitched him further out, then he went out of my sight.' The version given by McClelland, witness for appellants, may be found in our opinion on former appeal, which appeal was taken by the railway company from a judgment in favor of those now appealing. 60 S. W. Rep., 282. That judgment was reversed because we were of opinion that the charge of the court there quoted was erroneous in submitting as a distinct ground of recovery the alleged negligence of the railway company in producing said mud hole, because in no view of the evidence, from which we have quoted above what seems most pertinent, could the accident, under the decisions there cited, have been ascribed to the mud hole as a proximate cause. When the case went back the railway company demurred to this feature of the case as alleged, upon the ground, that, taken altogether, the petition itself showed that the mud hole could not have been the proximate cause of the injury, and the court sustained the demurrer and also excluded evidence offered by appellants to show the character of the mud hole in the street, and that it was due to the negligence of the railway company. To these rulings, which really raise the same question, the principal errors are assigned, and we find no merit in any others. We consequently find that upon the issues made by the pleadings and evidence and submitted to the jury the verdict establishes either that it was no fault of the appellee that Neely's horse took fright and ran away, or else that it was the fault of Neely himself.

"The petition charged that the railway company had negligently and knowingly permitted the pond or mud hole in question to be created in a public street by overflow and leakage from its water tank, alleging it to have been 'about two feet deep and about twelve feet wide, and partially filled with water and mud.' It further charged that it was dangerous to the traveling public and known to the railway company to be so, and that knowing that it was 'extremely dangerous to the traveling public' the railway company 'negligently, knowingly and willfully permitted the said excavation, pond and hole to remain near, in and upon said public road, street and thoroughfare in said city.' The petition then details the accident, alleging that the railway company, by the several acts of negligence therein specified and submitted in the charge as grounds of recovery, caused Neely's horse to become frightened and run away.

"Questions certified:

"First. In view of the evidence above quoted and referred to, showing unmistakably how the accident occurred, and in view of the finding of the jury, which the verdict when construed most favorably for appellants imports, that appellee was not to blame for the fright of the horse

which ran away with deceased, throwing him from his vehicle into the mud hole just after he had lost his balance by the collision of his vehicle with the fence post or other object, was there material error in sustaining the demurrer to the petition and in excluding evidence as to the character of the mud hole and appellee's responsibility for its existence?

"Second. If this question should be answered in the affirmative, should the court upon another trial submit that issue to the jury if the evidence bearing upon it should tend to show that the mud hole in the street was due to appellee's negligence merely, and that it was dangerous to ordinary travel merely? That is, what rule should be announced for the guidance of the trial court on another trial of this case, in view of the ruling made by this court on the former appeal as to proximate cause?"

We answer the first question in the negative.

The petition alleged as the cause of the death of Charles Neely that the railroad company permitted water to escape from its water tank situated near a public street and to flow upon said street, whereby the "pond or mud hole" which caused Neely to be thrown from his vehicle was created. No human foresight would have discovered that the escaping of water from a tank into the public street would result in such injury as that which produced the death of Charles Neely. It is not charged that the railroad company was under any duty to repair the street; in fact, it had no right to do so; that duty rested upon the authorities of the town. The injuries which caused the death of Mr. Neely were not a probable result of the negligent act charged against the railroad company, therefore its negligence was not the proximate cause of the injuries from which Neely died. Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.