WESTERN UNION TELEGRAPH COMPANY V. WARREN BURCH.

Decided May 28, 1904.

**Telegraph Company—Mental Anguish—Consequence Too Remote.**

The body of plaintiff's mother was to be shipped for interment to G., and was to be buried at her old home eleven miles out in the country from G. Through failure to deliver a telegram no one from home was at G. with a wagon to meet plaintiff with the body, and it was placed in a wagon yard, where it remained several hours at night while plaintiff was procuring a conveyance for it. G. was a city of 10,000 inhabitants, and the deceased and plaintiff had friends and acquaintances there. Held, that the placing of the body in the wagon yard was too remote a consequence of the failure to deliver the message to have been in the contemplation of the parties, and should have been excluded as a ground of recovery for mental anguish and humiliation resulting therefrom.

Appeal from the County Court of Cooke. Tried below before Hon. J. M. Wright.

*Davis & Garnett, N. L. Lindsley,* and *Geo. H. Fearons,* for appellant.

*Culp & Giddings,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit to recover damages alleged to have been sustained by reason of appellant's negligence in failing to transmit and deliver the following message: "Lindsay, I. T., 10-25-02.—To Dep. Sheriff Lem Clark, Gainesville, Texas: Notify George Burch his mother is dead; meet me in Gainesville tomorrow evening. (Signed) Warren Burch."

Appellee alleged that his mother had died near Lindsay, and that it was his purpose to take the body to the old home for burial, about eleven miles distant from Gainesville; that his object in sending said message was to have George Burch meet him in Gainesville upon the arrival of the Gulf, Colorado & Santa Fe train at 6:30 p. m., with a wagon, so that said corpse might be hauled home that night, be viewed by friends and relatives, and be buried the next morning; that he arrived in Gainesville with said corpse on Sunday evening, the 26th day of October, 1902, at 6:30 p. m.; that because of the failure to transmit and deliver said message promptly George Burch failed to meet appellee in Gainesville with a wagon; that it was too late after appellee's arrival to get one in said city, and in consequence his mother's corpse was taken to and remained in a wagon yard in said city; that the delay resulted in such further decomposition of the body that it could not receive the last sad respects to which it was entitled prior to burial, and that the body did not arrive at their home, eleven miles from Gainesville, until late in the day of Monday. Appellee alleged that on account of the above facts he suffered great humiliation and mental anguish, and a trial resulted in a verdict in his favor for the sum of $500, from which an appeal has been duly prosecuted.

There was testimony tending to support the material allegations of

appellee's petition, as above stated, and to show that appellant was guilty of a negligent failure to transmit and deliver the message set out. On the trial, however, among other things, appellant requested the court to give the following charge: "3. You can not find for plaintiff any damage on account of plaintiff's mother remaining in a wagon yard in Gainesville, as such a condition or contingency was not in contemplation of the parties when said message was sent;" which instruction was refused. Upon this point Warren Burch, the sender of the telegram, testified as follows: "I delivered the telegram in question to defendant's agent at Lindsay, I. T., about 6 o'clock on the evening of October 25th; when I went in he asked me what I wanted. I told him I wanted to send a message to Gainesville. He handed me a pad, and I had him to write it for me; I told him what to write; after he wrote it I read it over. He asked me if I was going to bury my mother at Gainesville. I told him no, that I had to take her eight miles in the country. He asked me if my brother was going to meet me at the depot. I told him yes. I told him I wanted to bury her the next day as soon as I got there. I had written no letter notifying my brother George that mother was dead, nor anyone else."

There was evidence tending to further show that upon appellee's arrival in Gainesville with the corpse he made an effort to procure a conveyance, but was unable to immediately do so; that after several hours he proceeded to the old home to notify relatives there of the death of the mother, and to prepare for the burial, leaving the body of the mother in the care of his brother-in-law, Gooch, who had also attended it to Gainesville. Several hours after the departure of appellee, parties residing in the neighborhood of the burial place, having heard of the situation, came to the depot with the wagon in which they had been driving, and proposed to take the corpse to its intended destination, asserting at the time, however, that they had been traveling hard, that their team was tired and that it would be necessary first to feed and water the team. The corpse was put in the wagon and thereupon conveyed to the wagon yard, where it remained three or four hours, such action being induced in part by a rain that began during this time, after which the body was transported to its intended destination.

We are of the opinion that the requested charge should have been given. Giving to the words of the telegram and to the testimony of Warren Burch in relation thereto full intendment and effect, we think it could not have been legally contemplated that the body of the deceased would be placed in a wagon yard as a result of a failure to deliver the telegram. Appellant may indeed be well held in such event to have contemplated that during the time necessary to procure other conveyance the body would be necessarily deposited upon the depot platform, or at some more suitable place, but the proof shows that Gainesville was a city of some 10,000 inhabitants; that the family of the deceased were old residents of the county, with acquaintances and friends in Gainesville, and it seems hardly reasonable that it could have been expected

as a result of a failure to deliver the telegram that George Burch would fail to meet the corpse with a wagon, and that the peculiar circumstances detailed should arise, and that in consequence thereof the body of the mother would be placed in a situation and amidst such surroundings as were peculiarly calculated to excite the sympathy of the jury.   The fact of the corpse remaining in the wagon yard was, under the circumstances, too remote to form a basis of recovery, and the court therefore erred in refusing to give the special instruction quoted.   See Western U. Tel. Co. v. Carter, 85 Texas, 580; Western U. Tel. Co. v. Edmonson, 91 Texas, 209; Western U. Tel. Co. v. Luck, 91 Texas, 178; Western U. Tel. Co. v. Sheffield, 71 Texas, 574; Western U. Tel. Co. v. Ragland, 61 S. W. Rep., 421; 1 Sutherland on Damages, 74; Neely v. Fort Worth & R. G. Ry. Co., 96 Texas, 274, 72 S. W. Rep., 159; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.

We find it unnecessary to consider other assignments, but for the error noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*