### ST. LOUIS SOUTHWESTERN RY. CO. v. BAILEY. (No. 7987.)

(Court of Civil Appeals of Texas. Ft. Worth. May 23, 1914. Rehearing Denied June 20, 1914.)

1. RAILROADS (§ 425*)—INJURIES TO ANIMALS —PROXIMATE CAUSE.

The negligence of a railroad company causing the wreck of a train was not the proximate cause of the death of cattle which escaped from their pasture in a district, where cattle were prohibited by law from running at large, crossed a public road into the pasture of E., and from there went upon the right of way, which was fenced, and drank cotton seed oil which had escaped from a tank car and which caused the death, where it did not appear that it was known that the cattle were at large, or that the insufficiency of the owner's or E.'s fences were known, as to constitute a proximate cause of an injury, it must appear that a reasonably prudent person would, under the circumstances, have anticipated the result or some similar result.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1527–1533; Dec. Dig. § 425.*]

2. RAILROADS (§ 405*)—INJURIES TO ANIMALS —NEGLIGENCE.

Where a train which contained a tank car was wrecked, if the act of the trainmen in constructing an embankment to confine the cotton seed oil escaping from such car constituted negligence, it was not actionable negligence making the company liable for the death of cattle which went upon the right of way and died from drinking such oil, where it did not appear that it was known that cotton seed oil was poisonous or that the cattle if given an opportunity would drink it and die.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1393–1398; Dec. Dig. § 405.*]

3. RAILROADS (§ 406*)—INJURIES TO ANIMALS —LIABILITY—STATUTORY PROVISIONS.

Rev. St. 1911, art. 6603, making railroad companies liable for the value of stock killed or injured by locomotives and cars, and providing that such liability shall also exist in counties adopting the stock law prohibiting the running at large of animals, but that in all cases if the railroad company fences its road it shall only be liable for injury resulting from a want of ordinary care, did not make a railway company liable, irrespective of negligence, for the death of cattle which went upon its fenced right of way and died from drinking cotton seed oil which had escaped from a tank car in a wrecked train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1400, 1401; Dec. Dig. § 406.*]

Appeal from Tarrant County Court; Chas. T. Prcioitt, Judge.

Action by R. P. Bailey against the St. Louis Southwestern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Thompson & Barwise and A. C. Wood, all of Ft. Worth, for appellant. Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellee.

CONNER, C. J. Appellee sued to recover the sum of $235, the alleged value of certain cattle which it was charged were permitted to drink oil on appellant's right of way to their damage and death. In a trial before a jury he was awarded a judgment in the sum of $100, from which judgment this appeal has been prosecuted.

As we view the case, the vital question is whether the evidence supports the verdict and judgment. In substance, as shown by the record, on or about December 22, 1911, a wreck of one of appellant's freight trains occurred, and a car of cattle and a tank car containing cotton seed oil were thrown from the track; of the cattle some 19 were killed. The tank of oil burst, and the oil ran out; but around it the section hands made a ditch or embankment in an effort to confine the oil on the right of way. The right of way extended through an inclosed pasture of Jeff ·

Earl and was fenced on each side with a good strong four-wire fence. The railroad at the point in question extended north and south, and the cattle which had escaped in the wreck were transferred from the right of way to that part of Mr. Earl's pasture lying to the east. In making the transfer staples were pulled out of the right of way fence, the wires pulled apart, and the cattle driven through, after which the wires were made to assume their former position and fastened as before. Appellee occupied the farm and pasture east or northeast of Mr. Earl's pasture, a public road extending between the two places. In some way not clearly shown in the evidence, some of the appellee's cattle escaped from his place, probably through an open gate, crossed the public road mentioned, over or through the fence of Mr. Earl's, in to Earl's east pasture field, and on and across or over the right of way fence, where the evidence tends to show they drank some of the oil that had been spilled and had remained upon the right of way. The evidence does not definitely fix the exact time when appellee's cattle thus entered the right of way and drank the oil; but appellee's son testified that the fence was open at the time, and possibly the cattle entered while the right of way fence had been spread apart for the disposition of the wrecked cattle, as before stated. Mr. Earl, however, testified that the right of way fence was a good one and had been immediately repaired, and there is no evidence other than that of appellee's son, just referred to, indicating that his pasture fence along the public road was out of order. The evidence, we think, authorizes the conclusion that appellee's cattle drank the cotton seed oil, and that as a result thereof they sickened and died within a few days. The evidence, however, leaves the cause of the wreck wholly unexplained. And there is no evidence tending to show that cotton seed oil was or is known as a poisonous substance, nor does the evidence explain the purpose of the section hands in attempting to confine the oil to the right of way. It was further shown that the locality of the wreck was in a district within which cattle were prohibited by law from running at large.

[1] Pretermitting a discussion of any other question that may be suggested by the facts stated, we think the evidence fails to show actionable negligence on appellant's part. If it be assumed that the wreck was the result of some negligent act or omission on appellant's part, which possibly is indicated by evidence to the effect that after the wreck it was found that the railway ties were rotten, it cannot, we think, be further said that such negligence was the proximate cause of the injury. To constitute a proximate cause of an injury, it must appear that a reasonably prudent person would, under the circumstances, have anticipated the result, or some like result, complained of. The result here complained of can certainly not be said to have been a consequence of the wreck within the contemplation of the appellant. The district was a prohibited one. No evidence tends to show that appellee's cattle were known to be at large, or that the insufficiency, if any, of appellee's gate or fence or that of Earl's was known. Under such circumstances, how can it be justly said that appellant should have anticipated that appellee's cattle or those of some other person would break out of their accustomed inclosure and into that of another, and from thence enter the right of way and become injured because of some result of the wreck?

[2] Nor can we say that the acts of appellant's employés in constructing an embankment to confine the oil to appellant's right of way constituted negligence. For aught that we are able to comprehend, this may have been an act of prudence. As before stated, nothing in the evidence tends to show that cotton seed oil is known to be a poisonous substance, or that cattle if given an opportunity would drink it and die. That appellee's cattle did so drink and die cannot be said to have been contemplated as a result of confining the oil. Unless it should have been so anticipated, the negligence, if any, is not actionable. See T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; F. W. & Rio Grande Ry. Co. v. Neely (Civ. App.) 60 S. W. 282; Neely v. F. W. & Rio Grande Ry. Co., 96 Tex. 274, 72 S. W. 159.

[3] The appellee cites Revised Statutes, art. 6603, and the case of I. & G. N. Ry. Co. v. Seiders, 50 Tex. Civ. App. 568, 110 S. W. 997, and, inferentially at least, insists that the liability of the company arises from the mere fact that appellee's cattle were shown to have drunk the oil left upon appellant's right of way. But the statute referred to makes the liability of a railroad company absolute, irrespective of any negligence on its part, only in cases where the right of way is unfenced, or insecurely fenced, and the stock shall have been killed or injured by the locomotive and cars of the company. The statute has no application to an injury, such as arose in the case now before us. See, M., K. & T. Ry. Co. v. Meyer (Civ. App.) 161 S. W. 12.

We conclude that appellee entirely failed to show a right of recovery, and that the judgment should, accordingly, be reversed and here rendered for appellant.