MISSOURI, K. & T. RY. CO. OF TEXAS v. EVANS. (No. 5554.)*

(Court of Civil Appeals of Texas. Austin. Jan. 12, 1916. Rehearing Denied Feb. 16, 1916.)

1. RAILROADS ⬤⟿108 — CONSTRUCTION OF TRACK—CULVERTS—STATUTORY PROVISIONS.

A railroad company failing to construct, as required by Rev. St. art. 6495, necessary culverts in an embankment is liable for all damages of which the failure was the proximate cause, and the company should have reasonably anticipated that water accumulating for want of necessary culverts would wash away the embankment, and in so doing not only dirt, but Johnson grass roots, if any, in the embankment, would be carried on the adjacent land below, to the damage of the owner thereof.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 333–336; Dec. Dig. ⬤⟿108.]

2. TRIAL ⬤⟿260—INSTRUCTIONS—REQUESTS.

Where, in an action against a railroad company negligently failing to construct necessary culverts in an embankment which was washed away and on the adjacent land, the court submitted to the jury the issue whether the market value of the land was injured by the spread of Johnson grass carried with the embankment onto the land, so that the jury could not have found for plaintiff without finding a depreciation in the market value of the land by reason of the spread of Johnson grass on it, the refusal to charge that, though the jury found that the company was negligent in the construction of the embankment, and that by reason thereof Johnson grass had been washed on plaintiff's land, yet, unless they found that the negligence injured the market value of plaintiff's premises, the verdict must be for the company, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬤⟿260.]

3. RAILROADS ⬤⟿114 — CONSTRUCTION OF RAILROAD TRACK—NEGLIGENCE—EVIDENCE —INSTRUCTIONS.

Where, in an action against a railroad company for negligently failing to construct culverts in an embankment which, with Johnson grass thereon, was carried by flood on the land of plaintiff, the evidence showed that there was a large amount of Johnson grass roots deposited on plaintiff's land immediately after the flood, and that there was an increased amount of the grass growing on his land in the season following, and a witness testified that he cultivated the land adjoining plaintiff's land, and that his land was overflowed, and a part of the embankment was washed thereon, that by cultivating his land he kept the grass thereon down in a large measure, and that, if plaintiff's land had been cultivated in the same manner, the grass there in a large measure could have been destroyed, it was not error to refuse to charge that, if the jury found that there was more Johnson grass on plaintiff's land after the flood

than there was before, but such increase was caused from plaintiff not properly working his land, the verdict should be for the company, was not erroneous; for, if the increase of the grass could have been prevented by an increased amount of cultivation, plaintiff, under a proper pleading, could have recovered the increased cost of cultivation rendered necessary by the deposit of the grass on the land.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. ☞114.]

4. TRIAL ☞191—INSTRUCTIONS—WEIGHT OF TESTIMONY.

An instruction in an action against a railroad company negligently failing to construct culverts in an embankment which was by flood washed on plaintiff's land that, if the rainfalls, surface or flood water that caused the embankment to crumble, if it did, and that washed up Johnson grass and roots thereof onto plaintiff's land, "as alleged," was such an unprecedented, etc., was not objectionable as assuming that the Johnson grass roots were washed on plaintiff's land; for the words "as alleged" did not assume that the facts as alleged were proven.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. ☞191.]

5. RAILROADS ☞114—CONSTRUCTION OF EM-
BANKMENT — CULVERTS — NEGLIGENCE —
EVIDENCE.

Evidence *held* to justify a finding that a railroad company negligently failed to construct culverts in an embankment on which there was Johnson grass, and that in consequence thereof the embankment and the grass were washed by flood on plaintiff's land.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. ☞114.]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by J. E. Evans against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Chas. C. Huff and A. H. McKnight, both of Dallas, and Jas. B. Hubbard, of Belton, for appellant.

JENKINS, J. Appellee owned a farm of 250 acres in the valley of Little River. Appellant constructed its railway north and south across the bottom of said river and along the western border or upper side of appellee's land. On December 2, 1913, the surface water and overflow from the river washed away the roadbed of appellant adjoining appellee's land. The appellant had permitted Johnson grass to grow upon its roadbed, and the same was filled with the roots of the grass. Appellee alleged that appellant, in constructing its roadbed, failed to construct the necessary culverts and sluices through and under the same as the natural lay of the land required for the necessary drainage of the land above said roadbed, by reason of which the natural flow of surface and flood water was impounded and accumulated in such an amount on the upper or west side of the embankment or roadbed as caused the same to crumble and the earth, together with the Johnson grass therein, to be deposited upon appellee's land,

to his damage in the sum of $5,000. Appellee recovered judgment for $750.

[1] Appellant assigns error upon the action of the court in overruling its general demurrer. In this there was no error. Appellee did not allege negligence upon the part of appellant in permitting Johnson grass to grow upon its right of way. The ground of complaint was that appellant did not construct the necessary sluiceways, as required by the statute. Rev. Stats. art. 6495. Such failure to comply with the statute would render appellant liable for all of the damages of which it was the proximate cause. It should have been reasonably anticipated in such case that water accumulating by reason of the want of necessary culverts and sluices as required by the natural lay of the land would wash away the embankment upon which the track was located, and in doing so that it would carry, not only the dirt, but the Johnson grass roots, if any therein, upon the adjacent land below; and, while it might not be negligence for the railroad company to permit the Johnson grass to grow upon its right of way, it should be required to anticipate that, if the dump or embankment was washed away, it would carry with it the Johnson grass roots. It is somewhat similar to the case of a railroad running its train at a high rate of speed. Such speed might not be negligence upon a good roadbed, but would be upon a roadbed out of repair; which is to say that in doing any particular act a party is required to take into consideration the conditions under which it is done.

The pleadings raised the issue as to whether the roadbed was constructed with proper culverts and sluices, and the evidence sustains the finding of the jury that it was not, for which reason the court did not err in refusing to give a peremptory instruction in favor of appellant.

[2] Appellant requested the following special charge, which was refused:

"You are charged that, although you may find that the defendant had been negligent in the construction and maintenance of its passageways adjacent to plaintiff's premises, and by reason thereof Johnson grass had been washed upon plaintiff's land, and, although you may find that the defendant had been negligent in the manner charged by plaintiff, yet, unless you further find that these acts or some of them on the part of defendant have injured the market value of plaintiff's premises, you will return a verdict in favor of the defendant."

The proposition submitted under the assignment with reference to the refusal of this charge is that defendant was entitled to have an affirmative finding of the jury on the question whether the market value of the premises had been diminished by the spread of the grass. The charge does not require an affirmative finding on this issue, but only that, if the jury should find that appellee had not been injured by any of the

acts complained of, they would find for the appellant. The court submitted the issue to the jury as to whether or not the market value of appellee's land was injured by the spread of Johnson grass thereon, and the jury could not have found for plaintiff under the charge of the court without finding a depreciation in the market value of appellee's land by reason of the spread of Johnson grass upon it. We do not see how the requested charge could have aided the jury in arriving at their verdict or could have been beneficial to appellant. The testimony sustains the finding of the jury that appellee's land was injured by such spread of Johnson grass thereon. The doctrine announced in Neely v. Railway Co., 96 Tex. 274, 72 S. W. 159, and recognized by this court in Bangle v. Railway Co., 140 S. W. 375, is not applicable to the facts of this case. In the Neely Case the railway company, in planting Bermuda grass upon its right of way, did that which it had the legal right to do. In the instant case appellant violated a provision of the statute in not properly constructing its roadbed.

[3] Appellant's fourth assignment of error is as to the refusal of the court to give the following special charge:

"You are charged that, if you find from the evidence that there was more Johnson grass on plaintiff's land after the flood of December, 1913, than there was before the flood, and if you further find that such increase in the amount of Johnson grass thereon was caused from plaintiff's not properly working said land, you will find for the defendant."

The evidence showed that there was a large amount of Johnson grass roots deposited upon appellee's land immediately after the flood, and that there was an increased amount of Johnson grass growing upon his land in the season following. A witness for appellant testified that he cultivated the land adjoining appellee's land, and that his land was overflowed and a part of the embankment constituting appellant's railway dump was washed upon his land. He further testified that by cultivating his land he was enabled to keep the Johnson grass thereon down in a large measure, and that, in his opinion, if appellee's land had been cultivated in the same manner that the witness cultivated his land, the Johnson grass could, in a large measure, have been destroyed. It will be observed that the charge requested does not submit the issue as to whether or not Johnson grass roots were deposited upon appellee's land, nor whether or not failure to work the land was the sole cause of the increase of Johnson grass on appellee's land, but only whether or not, by properly working his land, the increased amount of Johnson grass thereon could have been prevented. It was shown by the evidence that some Johnson grass was growing upon appellee's land before the flood and that the same was greatly increased in the following year. If such increase could have been prevented by an increased amount of cultivation, it does not follow, as is assumed in the charge requested, that appellee would not be entitled to any damages by reason of the deposit of Johnson grass roots on his land. In such event, by proper pleading and testimony, it might have been shown that the measure of appellee's damage would have been the increased cost of the cultivation rendered necessary by the deposit of Johnson grass roots on appellee's land. But in no event should the jury have been instructed to find for the defendant, if he suffered injury as the proximate result of the unlawful acts of appellant.

[4] We do not think that the charge of the court is subject to the criticism that it was upon the weight of the testimony, as alleged in the fifth assignment of error. The portion of the charge complained of is as follows:

"If you find that the rainfalls, surface or flood water that caused said embankment to crumble, if it did, and that washed up the Johnson grass and roots thereof on plaintiff's land, as alleged, was such an unprecedented," etc.

Appellant alleged that the washing away of its embankment was caused by an unprecedented flood, and this portion of the charge was applicable to such plea. The complaint is that the court here assumes that the Johnson grass roots were washed upon plaintiff's land. Under the previous portions of the charge the jury could not have found for appellee, without specifically finding that Johnson grass roots were washed upon his land. The language used in this portion of the charge "as alleged" we do not think assumes that the facts as alleged were established by the evidence, but that the same is equivalent to the expression "as claimed"; and, taking the whole charge together, it is plain that the jury could not have been misled by the language complained of.

[5] The sixth and last assignment of error is that the verdict of the jury is unsupported by the evidence, in that:

"The evidence does not show that defendant's embankment which contained Johnson grass and Johnson grass roots was washed away by the flood over and across plaintiff's land, but [and] it does not show that the depositing of Johnson grass or Johnson grass roots upon plaintiff's land, if any was so deposited, was the proximate result of any negligence or any act or omission on the part of the defendant."

It is true that appellee, upon cross-examination, testified that there was Johnson grass growing upon land above the embankment, and that the roots of such grass may have been washed up and deposited upon his land, and that he could not identify any of the Johnson grass roots found upon his land as coming from appellant's embankment. The evidence does show, however, not only that there were a great many of such roots deposited upon appellee's land, but that they were in greater quantities next to the railroad track. While this evidence as to the identify of the Johnson grass roots

deposited on appellee's land with those that were in the embankment is circumstantial, it is sufficient to sustain the finding of the jury that such roots were washed from appellant's embankment upon appellee's land, for which reason said assignment of error is overruled.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes