GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. EDMUND KIEFF.

No. 973. Decided January 28, 1901.

**Negligence—Railway—Absence of Evidence.**

A flat car loaded with fencing material for inclosing the yards of a railway, in use by a fencing gang, while being moved by them from point to point for unloading, being started in motion with a pinch bar and pushed by hand by the gang at a rate of about one mile per hour, ran upon and crushed the toe of a thirteen-year-old boy, not a trespasser, crossing the track. Held, that if the car was in a street the mere fact that it was left standing there was not negligence as to the plaintiff; that no duty to use care arose, since there was no reason to anticipate danger to a child of that age from so starting or from moving the car at such speed, though the employes saw the boy near the car; that there was no evidence of negligence, and that the court should have instructed a verdict for defendant. (Pp. 336-338.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Kieff sued the railroad company, by next friend, on account of injuries to the person, and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Upson, Newton & Ward*, for plaintiff in error.—The evidence did not establish that the defendant was guilty of negligence in the movement of the car by which plaintiff was injured. It has been repeatedly held in this State that where the evidence is of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it, the question to be determined is one of law. Sanches v. Railway, 88 Texas, 119; Warren v. City of Denison, 36 S. W. Rep., 404; Douglass v. Railway, 90 Texas, 125; Railway v. Evansich, 61 Texas, 7; Railway v. Cocke, 64 Texas, 157; Railway v. Hewitt, 67 Texas, 478; Railway v. Bigham, 90 Texas, 223; Electric Light Co. v. Le Fevre, 57 S. W. Rep., 640.

*Webb & Finley,* for defendant in error.—Where the evidence in a case raises more than a mere surmise or suspicion of the existence of a fact sought to be established, such fact being found by the verdict of a jury and by the Court of Civil Appeals, the Supreme Court has no jurisdiction to say that there is no evidence of the existence of this particular fact. Joske v. Irvine, 91 Texas, 575, and authorities quoted; Johnston v. Drought, 22 S. W. Rep., 290.

The Supreme Court can review an issue of fact when there is no evidence to support a fact, but can not review an issue of fact when there is some evidence to support such fact. Land Co. v. McClelland, 86 Texas, 187; Beer v. Landman, 88 Texas, 450; Railway v. Levine, 87 Texas, 437; Insurance Co. v. Hayward, 88 Texas, 323; Railway v. Echols, 87 Texas, 339; Railway v. Cannon, 88 Texas, 314; Walker v. Cole, 89 Texas, 323; Otto v. Halff, 89 Texas, 384; Schley v. Blum, 85 Texas, 551.

The assignment of error made by the plaintiff in error, stating the proposition that there is no evidence to support the verdict, precludes the Supreme Court from considering the question as to whether or not the evidence is sufficient to support the verdict of the jury or the finding of the Court of Civil Appeals. Railway v. Raney, 86 Texas, 367; Walker v. Cole, 89 Texas, 328; Beer v. Landman, 88 Texas, 453; Railway v. Echols, 87 Texas, 339; Railway v. Levine, 87 Texas, 437.

The Supreme Court can not review an issue of fact when there is a conflict in the evidence as to such issue of fact. Bauman v. Jaffray, 86 Texas, 618.

In regard to the power of the Supreme Court to review the action of the Court of Civil Appeals, see the cases of Desmukes v. Houston, 89 Texas, 10; Smith v. Railway, 90 Texas, 123; and Warren v. City of Denison, 89 Texas, 557. In the Otto v. Halff case it is said that there being testimony in the record from which the finding of a fact by the Court of Civil Appeals is or may be supported, this Court can not revise such finding upon other evidence in the record." See 89 Texas, 384. In the Desmukes case the court states that "errors not assigned on appeal to the Court of Civil Appeals can not be considered in an application to the Supreme Court for writ of error." See 89 Texas, 10.

A verdict will not be disturbed, although the court may have reached a different conclusion. Railway v. Raney, 86 Texas, 363; Railway v. Pettis, 69 Texas, 693; Railway v. O'Donnell, 58 Texas, 44; Railway v. Michalke, 37 S. W. Rep., 480; 38 S. W. Rep., 31.

To authorize the Supreme Court to disregard and hold for naught the verdict of a jury or the finding of a Court of Civil Appeals, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it. Lee v. Railway, 89 Texas, 588; Washington v. Railway, 90 Texas, 314; Railway v. Cox, 145 U. S., 606; Railway v. Ives, 144 U. S., 408; Railway v. Stout, 84 U. S., 657; Jones v. Railway, 128 U. S., 443; See 53 Fed. Rep., 459; Railway v. Hutchinson, 120 Ill., 587; Greany v. Rail-

way, 101 N. Y., 419; Chaffee v. Railway, 104 Mass., 114; Hoye v. Railway, 62 Wis., 672.

It is for a jury to determine as a fact whether or not particular facts constitute negligence. Railway v. Rogers, 91 Texas, 56; Dillingham v. Parker, 80 Texas, 572; Receiver v. Glenn, 79 Texas, 534.

The fact that a car is left standing on a street crossing is in itself not an act of negligence. Railway v. Hamilton, 28 S. W. Rep., 908; Railway v. Simon, 54 S. W. Rep., 311; Schmitz v. Railway, 24 S. W. Rep., 472; Railway v. Lewis, 5 Texas Civ. App., 638; Railway v. Hill, 34 N. E. Rep., 646.

It is negligence for a railway company to leave its cars standing across a city street with a space between them, and to close up such space without giving any warning or signal. Schmitz v. Railway, 24 S. W. Rep., 472; Railway v. Dennis, 33 S. W. Rep., 885.

The action of a railway company in permitting a detached car to move along a street in a city is negligence, unless an outlook is maintained and warning given. Railway v. Lewis, 5 Texas Civ. App., 638.

It is negligence to move cars at a crossing without having some one on the car to maintain a proper lookout, and to give a proper warning. Railway v. Watkins, 88 Texas, 20; Railway v. Smith, 87 Texas, 357; Lewis v. Railway, 73 Texas, 504; Railway v. Lewis, 5 Texas Civ. App., 638; Railway v. Eitzen, 39 S. W. Rep., 625; McDonald v. Railway, 22 S. W. Rep., 944; Railway v. Potts, 17 S. W. Rep., 185; Railway v. Crosnoe, 72 Texas, 79; Popp case, 27 S. W. Rep., 992; Railway v. Hall, 83 Texas, 675; Ward v. Railway, 55 N. W. Rep., 773; Smith case, 18 Law. Rep. Ann., 63.

Injuries caused by a hand car from the negligence of a railway company at a crossing are actionable. Johnson v. Railway, 21 S. W. Rep., 274.

Even when a car is moving backwards, it is negligence not to have some one on the rear end of the car to keep a lookout, and to give warning. Eitzen v. Railway, 39 S. W. Rep., 625.

Where children are known to the employes of a railway company to be playing around cars, in the event of a child being injured, the company is liable, although the employes did not see the child at the time of the accident. Even in an inclosed yard, one authority states it to be the duty of the employes, under the circumstances mentioned, to know of the presence of the child. Railway v. Brown, 11 Texas Civ. App., 503; Railway v. Popp, 27 S. W. Rep., 992; Railway v. Hall, 83 Texas, 675.

GAINES, Chief Justice.—This action was brought by James Kieff, as next friend of Edmund Kieff, against the Galveston, Harrisburg & San Antonio Railway Company to recover damages for personal injuries. The plaintiff recovered a judgment, which was affirmed on appeal.

The following facts, except as to the immediate manner of the accident, appear by the uncontroverted testimony in the case: On the day

of the accident, the foot of the plaintiff, a lad then 13 years of age, was run over and his big toe crushed by a car of the defendant. The car which caused the accident was a flat car which was loaded with material for the construction of a fence around defendant's yard and had been put in position by an engine and left upon the track for convenience in constructing the fence. The work was intrusted to a gang of laborers, five in number, according to the evidence of the defendant, and not more than six or seven, as testified to by the plaintiff and his witnesses. The manner of doing the work was for the workmen to push the car along the track to the point or points where it was to be unloaded. The parents of the plaintiff resided at a place about 240 feet south of the track. Just before the accident, the plaintiff was on the north side of the track, six or seven feet from the car. He started across the track to go to his home and just before or about the time he did so, the car was set in motion by being pushed along by the men who were engaged in constructing the fence. According to the testimony, the speed at which it could have been pushed did not exceed one mile per hour. The plaintiff himself testified: "I was six or seven feet from the flat car; I mean the one by which I was hurt. My mother called me and I wanted to go home, and as I was half way across (the track), the Mexicans pushed the flat car on me and knocked me over, and my foot caught in the wheel, and they pushed the car on. I saw the Mexicans coming down from the other car, but I did not know what they were going to do. When I started across the track the car was not moving at all. I did not know the Mexicans were going to push the car. When the Mexicans pushed the car, they were all back of the flat car. No one was on the front part of the flat car." And again upon cross-examination: "The car was being moved by the men, shoved along slightly." A witness for the defendant also testified without contradiction that the material which was upon the cars and which was used for the construction of the fence, consisted of "4 by 6 cypress posts and 1 by 6 and 1 by 8 pine. This material was loaded in both box and flat cars. We had some men there building the fence. The cars were originally brought up there in the yard by steam, but after they were got there they were moved by hand. The flat cars are of different capacities, the loads on which weighed from twenty-five to sixty-five thousand pounds, that is the load, and the car weighs from sixteen to twenty thousand pounds. The total weight would be from fifty to seventy-five thousand pounds. It is possible for five or six men to move a car in this yard by hand; they start it with a pinch bar, and when they were once gotten in motion, they would shove them. A pinch bar is a bar with a point on the end and heel to keep it from slipping, and by pinching it is meant working it up and down under the wheels. The motion of a car moved in that way when it first started off would be very slow."

It was a controverted fact whether the place of accident was in a street or not; but in the view we take of the case, it may be assumed

for the purposes of the opinion that the plaintiff was not a trespasser in crossing the track at the point where he attempted to cross. Evidently it was not a frequented street, if a street at all.

It was assigned as error in the Court of Civil Appeals that the trial court should have granted a new trial on the ground that there was no evidence of negligence, and the same assignment is insisted upon in this court.

The mere fact that the car was left standing in a street (assuming it to be a street) was not an act of negligence as to this plaintiff. If there was negligence at all as to him, it was in the manner and circumstances of propelling the car. The moving of a car over the track of a railroad company along or across a public street is in itself a lawful act; but may become negligent from the attending circumstances and the manner of its movement. The negligence which results in an actionable wrong is the failure to discharge a duty owed to the party injured. It is a duty incumbent upon all men to use ordinary care so to act as not to injure others. The duty arises when there is reason to anticipate danger. The rapid propulsion of cars drawn by steam or other locomotory engines over a railroad track is calculated to endanger the lives of persons on or very near the track, so that in crossing the streets of a city or a public road or other much frequented way, ordinary prudence dictates that those operating the train or cars should take precautionary measures to guard against such danger. In such cases, the question of negligence is one of fact which is to be determined by a jury.

But here we have a very different case. The movement of a car at a speed of a mile per hour is not dangerous to a person of any reasonable discretion, who is in possession of his senses and the use of his limbs. How, then, can it be said that the men operating the car in question should have anticipated danger from its movement? They saw the plaintiff near the car, and while they must have known that he was a boy, at the time, they had the right to conclude that he was of sufficient discretion to avoid injury where the danger was so slight. Since they had no reason to apprehend danger to the plaintiff, they were not negligent in moving the car. Electric Co. v. Lefevre, 57 S. W. Rep., 640; Douglass v. Railway, 90 Texas, 125; Railway v. Bigham, 90 Texas, 223; Railway v. Cocke, 64 Texas, 151. The principles announced in the cases cited are decisive of the question.

The trial court should have instructed a verdict for the defendant, and having failed to do so, should have granted the motion for a new trial.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*