### KREIGH v. WESTINGHOUSE, CHURCH, KERR & COMPANY.

(Circuit Court of Appeals, Eighth Circuit. March 6, 1907.)

No. 2,423.

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—EVIDENCE.

Roofers were using a derrick and bucket to hoist cement from the ground and unload it on the roof. No one but these workmen had been at work or moving about on the roof for several days. The brick walls had not reached the top of the building. The plaintiff was the superintendent of the brickwork. They were all employés of the defendant. The roofers swung the boom and bucket in over the north wall by means of a rope attached to the end of the boom, and sent it back by a push. Just as they pushed it back on one of its trips the plaintiff came up on to a plank just beyond the north wall, stepped into the path of the bucket, and stood there looking north to direct the construction of a scaffold, and the bucket knocked him off and injured him.

Held, the defendant was not guilty of negligence because it failed to establish a code of signals for the roofers to enable them to warn other employés of the approach of the bucket, nor because the derrick was not provided with a lever nor the boom with a guy rope on its north side to steady and control its movements.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

2. NEGLIGENCE—INJURY NOT PROBABLE RESULT OF, NOT ACTIONABLE, NOT PROXIMATE CAUSE.

An injury which could not have been foreseen or reasonably anticipated as the natural and probable result of an act of negligence is not actionable, because it is not the proximate cause, but either the remote cause or no cause whatever of the damage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 69–82.]

3. MASTER AND SERVANT—WHERE WORK NECESSARILY CHANGES CHARACTER AS TO SAFETY, DUTY OF CARE FOR SAFETY THE SERVANT'S AND NOT THE MASTER'S.

The duty of caring for the safety of a place or of machinery in cases in which the work which the servants are employed to do necessarily

changes the character of the place or of the machinery as to safety, as the work progresses, is the duty of the servants to whom the work is intrusted, and it is not the duty of the master.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 171, 266.]

4. SAME—DUTY TO PROTECT FROM DANGERS OF NEGLIGENT OPERATION SERVANT'S AND NOT MASTER'S.

The duty of construction and provision is the master's. The duty of operation and of protection from negligent use is the servant's.

The duty of so using a reasonably safe place, and of so operating a reasonably safe machine, that neither the place nor the machine shall become dangerous by their negligent use or operation, is the duty of the servants to whom the use or operation is intrusted, and it is not any part of the positive duty of the master.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 267.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

Rees Turpin and Robert E. Morris (Edward D. Ellison and John E. McFadden, on the brief), for plaintiff in error.

J. H. Harkless (C. S. Crysler and Clifford Histed, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff, the foreman in charge of the brickwork, and certain roofers were engaged in constructing a building. The steel frame had been erected and was about 42 feet in height, the bricklayers were at work raising the walls which had not reached the roof, and the roofers were laying cement upon the top of the building and were using a stiff leg derrick and an engine to hoist the material. This derrick was near the northeast corner of the structure, and the cement was on the north side of the building. To a rope which extended over a pully on the end of the boom a bucket was attached. This was the method of operation: This bucket was filled with cement and raised by means of the engine and rope to a point a little higher than the top of the building, and was then swung in over the roof by means of a guy rope attached to the end of the boom on its south side. The cement was then dumped from the bucket, and the roofers pushed the empty bucket back with sufficient force to cause it to swing clear of the north wall, and it was then lowered to the ground for another load. The plaintiff had been at work on this building, and the roofers had been raising the cement in this way, for some days, so that the plaintiff knew the location and the general operation of the derrick. As the concrete was hoisted, the bucket swung in over the north wall at the same place and in the same path each time. No one but the roofers was or had been at work or moving about on the top of the building for several days. Under these circumstances, when, upon one of its trips, the bucket had been hoisted, drawn in over the north wall, and dumped, the plaintiff climbed upon a plank on the north side of the north wall to superintend the construction of a scaffold below, and stood there looking north at the exact

place where the bucket swung over the wall at the exact time that the roofers pushed it back for another load. The bucket knocked the plaintiff to the ground and severely injured him. At the time of the injury he had been above the top of the building from 50 seconds to 3 minutes. There was no evidence that he attempted to notify the roofers of his presence or that they were aware of it. Upon this state of facts the plaintiff sought to recover of the defendant for his injuries, on the ground that they were caused by its negligence in that it did not establish a system of signals to be used by the roofers to warn employés when the bucket was to cross the wall, and in that it did not provide the derrick with a lever, or the boom with a guy rope on its north side to steady and control its movements, and the error assigned is that the court instructed the jury to return a verdict for the defendant.

Negligence is a breach of duty. Where there is no duty or no breach, there is no negligence. An injury that is the natural and probable consequence of an act of negligence is actionable. But an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act or omission is not actionable, and such an act or omission is either the remote cause or no cause whatever of the injury. Cole v. German Savings & Loan Society, 124 Fed. 113, 115, 59 C. C. A. 593, 595, 63 L. R. A. 416. If the defendant had directed the plaintiff to work in the path of this bucket, if he could have performed his service in no other place, and if in the discharge of his duty he could not have foreseen or protected himself against its approach, it might have been the duty of the defendant to establish a code of signals and to so construct the derrick that the bucket could not have struck him unawares, and this because his injury might have been reasonably anticipated from a failure to exercise such care. Western Electric Co. v. Hanselmann, 69 C. C. A. 348, 136 Fed. 566, 70 L. R. A. 765; The Magdaline, 91 Fed. 798, 800. But the plaintiff was free to discharge his duty of superintendence at any place on or about the building. He could have performed it as efficiently without as within the track of this bucket. Neither he nor any one except the roofers had been at work or moving about upon the top of the building for several days, and no one could have reasonably anticipated that he would suddenly rise above the roof and station himself upon the plank in the path of the bucket without notice to its operators and without watching for its approach. His injury was not the natural or probable result of, it could not have been anticipated from, the lack of a code of signals when there had been no one on the building to signal to for days, nor from the lack of a lever on the derrick with which to swing the boom, nor of a guy rope on the north side to draw it across the wall. As the accident could not have been foreseen to be the natural or probable result of the failure to provide signals, lever, or guy rope, the defendant owed the plaintiff no duty to do so, and was guilty of no actionable negligence. Chicago, St. Paul, Minneapolis & Omaha R. Co. v. Elliott, 5 C. C. A. 347, 350, 55 Fed. 949, 952, 20 L. R. A. 582; Railway Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256; Hoag v. Railroad Co., 85 Pa. 293, 298, 299, 27 Am. Rep. 653.

The rule of safe place is inapplicable to this case. The duty of construction and provision is the master's. The duty of operation and protection from negligent use is the servant's. The duty of so using a reasonably safe place and of so operating a reasonably safe machine that neither the place nor the machine shall become dangerous by their negligent use or operation is the duty of the servants to whom the use or operation is intrusted, and it is not any part of the positive duty of the master. The duty of caring for the safety of a place or of machinery in cases in which the work which the servants are employed to do necessarily changes the character of the place or of the machinery as to safety as the work progresses is the duty of the servants to whom the work is intrusted, and it is not the duty of the master. American Bridge Co. v. Seeds, 75 C. C. A. 407, 144 Fed. 605, 611–613, and cases there cited. The plaintiff and the roofers were fellow servants engaged in the common undertaking of constructing the building for a common master. The place where the building was constructed, the materials, and the machinery were free from any defects which contributed to this injury. A lever on the derrick to swing the boom or a guy rope on the north side of the boom to pull it over the wall would not have prevented the injury if the plaintiff had given no notice of his presence and the operator of the lever or of the guy rope had not seen him or notified him of the approach of the bucket. In other words, if the plaintiff himself and his fellow servants had pursued the same course with the lever and the guy rope as they pursued without them, the same result would inevitably have followed. Moreover, the only purpose of the lever or of the guy rope upon the north side of the boom would be to control the movement of the boom so that the bucket would not strike the plaintiff. But their absence did not prevent such a control, because there was a guy rope on the south side of the boom the end of which lay upon the roof of the building with which the roofers might have effectively controlled the northern movement of the boom and the bucket. The truth is that if there was any negligence in this case it was the negligence of the operation of a reasonably safe machine in a reasonably safe place. It was the negligence of the fellow servants of the plaintiff or of the plaintiff himself, and the defendant was free from any act or omission from which the accident could have reasonably been anticipated, or from which it would have resulted had it not been for the subsequent interposition of other human agencies.

There was no error in the ruling of the trial court, and the judgment below is affirmed.