STUDEBAKER BROTHERS' MANUFACTURING COMPANY v. C. F. CARTER
ET AL.

Decided June 13, 1908.

**1.—Bailee—Negligence—Question of Fact.**

In a suit against a bailee for damage to a carriage left with him for repairs, pleading considered, and held to present a question of fact to be determined by the jury, whether or not the bailee was guilty of negligence in leaving the carriage in the street a short time where it was injured by a runaway team.

**2.—Same—Evidence—Unforeseen Accident.**

In a suit against a bailee for the value of a carriage left with him for repairs, evidence considered, and held to show that the carriage was left in the street for a necessary and lawful purpose, and for only a reasonable time; that the damage was caused by an agency (a runaway team) for which appellant was in no wise chargeable and which he could not have reasonably anticipated or foreseen.

Appeal from the County Court of Dallas County. Tried below before Hon. H. F. Liveley.

*Lewis & Phillips,* for appellant.

*Flippen & McCormick,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought in the County Court of Dallas County by C. F. Carter, one of the appellees, against the appellant and the Pacific Express Company as a codefendant, to recover damages in the sum of five hundred and fifty dollars on account of the injury or destruction, in the city of Dallas, on October 3, 1906, of a carriage belonging to plaintiff, alleged to be worth the amount sought to be recovered.

In his original petition it was charged that, prior to said date, appellee had placed his carriage in the custody of the appellant for the purpose of having some repairing done to the upholstering thereof; that on said date appellant had caused the carriage to be pulled out of its warehouse, located on Pacific avenue, and left the same unguarded and unprotected, for the purpose of having it transported to the place of business of the upholsterer, who was to do said repairing at the expense of appellant; that while in that situation a wagon belonging to the Pacific Express Company ran into and destroyed it; that the horse and wagon belonging to said express company were left standing on Pacific avenue, untied, and without a weight attached to same, and, for some cause unknown to plaintiff, ran away, and while running along said avenue, without a driver or attendant, ran into and destroyed the carriage in question; and that, by reason of the negligence of both defendants, he has been damaged in the sum sued for.

Appellant pleaded a general demurrer and general denial to plaintiff's petition, and specially denied that it was in anywise responsible for, or contributed to, the injury to said carriage, and further answered as follows: That, when plaintiff delivered his carriage into its possession for the purpose of having the repairing done to it, he well knew that it did not possess facilities for such repairing in its own establishment, and that it would be compelled to have same done in some other establishment in the city of Dallas, and to that end it would be compelled to haul said carriage from its own premises to such establishment; that, on the date in question, for the purpose of having the carriage hauled from its premises to those of the carriage-maker whom he had engaged to perform such repairs, it caused the carriage to be taken out of its warehouse on Pacific avenue in said city into said avenue, which was a public street, and placed immediately adjoining and close to the curb of the sidewalk in front of its warehouse, preparatory to having it hauled to the establishment of said carriage-maker; that while said carriage was so situated, and before appellant had any reasonable opportunity or time to move it, it was run into by an express wagon and horse of the Pacific Express Company, an occurrence that it did not anticipate, and could not have anticipated when it placed the carriage as it did for said purpose, and for which it was in nowise responsible; that its entire action in the premises was in the exercise of all due and proper care and caution, and any injury done to the carriage was in nowise due to failure on its part to use such care, but was due solely to the carriage being run into by the Pacific Express Company's wagon and horse.

By way of cross-bill against the Pacific Express Company, appellant prayed that if any judgment should be rendered against it that it should have judgment for a like amount over and against said express com-

pany, alleging the circumstances of its custody of the carriage and its situation at the time of the accident, as above stated, and that if there was any liability in the premises it was due to and caused by the neglect of said express company in having left its horse standing in said street unattended, unhitched, and with no weight attached to him.

The Pacific Express Company answered by a general demurrer and general denial, and, by way of special answer, pleaded that no recovery should be had by the plaintiff for the reason that any injury or damage he had sustained in the premises was proximately caused and contributed to by him, in that he had negligently permitted the carriage to be upon a public street in said city, unguarded and exposed, without any animal hitched thereto, and in violation of a city ordinance of the city of Dallas, and that such negligence caused or contributed to whatever damage the plaintiff had sustained in the premises. To the cross-bill of appellant it interposed a general demurrer and general denial.

The case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiff against the appellant alone for the sum of two hundred dollars, and that appellant should take nothing against the express company on its cross-bill. From this judgment appellant has duly prosecuted its appeal to this court.

Appellant's first assignment of error complains that the trial court erred in overruling its general demurrer to plaintiff's petition. In this action of the court we are inclined to think there was no error. It is doubtless true that the mere leaving of a vehicle in a public street a reasonable length of time, unguarded, for a legitimate purpose, would not constitute negligence *per se*. But if the situation and conditions were such that a party, in so placing and leaving the vehicle, might reasonably have anticipated injury to it, then the duty to properly guard against such injury arose, and whether that duty had been performed would, ordinarily, be a question of fact for the jury. The allegations that appellant had caused the carriage in this instance to be pulled out of its place of business into the street, and there left unguarded and unprotected, etc., were sufficient, it would seem, to admit proof as to whether or not the appellant was guilty of negligence in so dealing with it.

There are two or three assignments of error attacking the judgment of the trial court as being contrary to law and unsupported by the evidence. The substance of these assignments is that the undisputed evidence shows that the placing of appellant's carriage in the street was for a lawful and necessary purpose; that when injured it had not been in the street an unreasonable time, and that the injury was caused by an agency for which appellant was in nowise chargeable, and which it could not have reasonably anticipated or foreseen. We think these assignments are well taken. The undisputed evidence shows that appellee's carriage was in appellant's possession for the purpose of being repaired. Appellant did not have the facilities for repairing it in its own establishment, and it was necessary, and so known to appellee at the time the carriage was delivered to appellant, that appellant would have to send it to another party in the city to have the repairs made. For this purpose it became necessary to have the carriage hauled from appellant's warehouse to the repairing establishment. This could only be done by

making use of the street, and to use the street it was necessary to place the vehicle in it. There was a box-car standing on a switch track of the Texas & Pacific Railway Company in front of appellant's warehouse, adjoining the sidewalk, and the carriage was placed in the street as close by the side of the box-car as it could be placed. Immediately upon placing the carriage in the street appellant telephoned to a local expressman to come and take it to the repairer, and it had not been standing in the street exceeding five minutes when the runaway horse of the Pacific Express Company, which was hitched to a wagon, ran against the carriage and injured it. The placing of the carriage in the street was only temporary, and appellant's employe who put it there did so with the intention of leaving it only long enough to walk across the street and procure the material for its repair, which was to accompany it to the repairer's. This employe had scarcely left the vehicle for the purpose of getting the material mentioned when the accident happened. There were at least fifty feet of the street in the clear for the passage of vehicles between where the carriage was situated and the other side of the street. The driver of the horse and wagon which ran into and injured appellee's carriage left them standing in front of another establishment to the west of appellant's warehouse. The horse was "hitched" by means of a strap and sixteen-pound weight attached to it, and while the driver was absent delivering some freight the horse took fright from some cause—perhaps a passing train—and ran away. There was no evidence that any employe of appellant had any knowledge of the situation or presence of the horse and wagon in that vicinity at the time the carriage was placed in the street, or while it was standing there, or that they had any reason to anticipate that any horse attached to a wagon, or otherwise circumstanced, would run away and probably come in contact with appellee's carriage, or that it would by any means be injured. The question presented then is, Was the trial court justified in concluding that the appellant, in placing appellee's carriage in the street for the purpose shown, and in leaving it there for so short a time, "unguarded and unprotected," guilty of actionable negligence? It is clear that appellant was a bailee of the vehicle for hire, and required to use only ordinary care to avoid injury to it. The mere placing of the carriage in the street temporarily for the purpose intended cannot be said to be negligence, as a matter of law, and whether the leaving of it there "unguarded and unprotected," as shown, would constitute negligence rendering appellant liable for the damage sustained, depends upon whether or not appellant knew, or might reasonably have foreseen or anticipated that, by so doing, it might be injured in some such way as it was. A case directly in point has not been cited, but the principle involved is well settled. Texas & Pac. Ry. Co. v. Storey, 37 Texas Civ. App., 156, decided by this court, presents a case in which an intoxicated passenger, shortly after he boarded a train, and before any of the trainmen, in the exercise of ordinary care, had been enabled to discover his condition or his intention, willfully uncoupled the rear car from the train, and a passenger was injured by reason of a collision between the detached car and the other portion of the train. In holding that the railway company was not liable, this court, after stating the duty imposed upon

carriers of passengers for their protection, said: "If this duty is neg-
lected, without good cause, and a passenger receives injury which might
have been reasonably anticipated or naturally expected from one who is
improperly received or permitted to continue as a passenger, the carrier
is responsible. The carrier, however, is not an insurer of the safety of
the passenger, and liable at all hazards. If a passenger receives an in-
jury through the willful act of his fellow passenger, the carrier is liable
only when, by the exercise of the degree of care stated, such act, in view
of all the circumstances, might have been reasonably anticipated or
foreseen and prevented." In Galveston, H. & S. A. Ry. Co. v. Kieff,
94 Texas, 334, a car had been left standing in the street, and while the
railway company's employes were slowly moving it by hand along the
street a child, in attempting to pass in front of it, was injured. The
court said: "The mere fact that the car was left standing in a street
(assuming it to be a street) was not an act of negligence as to this
plaintiff. . . . The moving of a car over the track of a railroad
company along or across a public street is in itself a lawful act; but it
may become negligent from the attending circumstances and the man-
ner of its movement. The negligence which results in an actionable
wrong is the failure to discharge a duty owed to the party injured. It
is a duty incumbent upon all men to use ordinary care so to act as not
to injure others. The duty arises when there is reason to anticipate
danger. . . . Since they (the employes in charge of the car) had
no reason to apprehend danger to the plaintiff they were not negligent
in moving the car."

Again, in the case of Brush Electric Light & Power Co. v. Lefevre,
93 Texas, 604, the company was charged, in effect, with negligently
leaving its wires uninsulated 16 feet above the street upon an awning
apparently built for shade or protection only to the building. In dis-
cussing the question of the company's liability, the Supreme Court,
speaking through Associate Justice Brown, said: "There can be no lia-
bility for the injury in this case unless, from all the circumstances, the
electric light company could reasonably expect that some person might
be injured by its failure to cover the wires placed by it upon the awn-
ing where the deceased received his injury. . . . It was, therefore,
not negligence with regard to persons traveling along the street or side-
walk to leave the wire exposed, because there was no reasonable, and
scarcely a possible, chance for such persons to be injured thereby." See
also Trinity County Lumber Co. v. Denham, 85 Texas, 56; Thompson
on Neg. (2d ed.), section 14.

Applying the principle announced in these cases to the one at bar,
we conclude the trial court was not justified, under the circumstances
shown, in holding that the appellant failed to exercise that degree of
care to prevent injury to appellee's carriage as was required of him by
law, and therefore liable for the damages sought to be recovered. This
conclusion renders it unnecessary to consider the other assignments of
error, and the facts of the case having been fully developed, it becomes
our duty to render such judgment as the court below should have ren-
dered.

It is, therefore, ordered that the judgment of the court below in favor

of appellee against appellant be reversed, and that judgment be here rendered for appellant. The judgment in favor of the Pacific Express Company will not be disturbed.

*Reversed and rendered.*