## EBERSOLE v. SAPP.

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1913. On Motion for Rehearing, Dec. 3, 1913.)

1. TRIAL (§ 142*)—JURY QUESTION.

While a case may be taken from the jury when there is no evidence from which the facts sought to be shown can be fairly deduced, there is a jury question when the evidence is such that the jury may deduce the ultimate fact from the evidence introduced.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. § 142.*]

2. MASTER AND SERVANT (§ 276*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE—SUFFICIENCY.

In a personal injury action by a servant, evidence *held* sufficient to warrant a finding that the explosion which injured plaintiff was caused by the striking of a metal bucket on the concrete walls or the bottom of the manhole in which he was required to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. § 276.*]

3. MASTER AND SERVANT (§ 97*)—LIABILITY FOR INJURIES—PROXIMATE CAUSE.

The test whether injury was the result of the negligence complained of is not whether the particular event which occurred should have been contemplated, and so a master who required his servant to labor in a manhole filled with combustible gas cannot escape liability for injuries from an exposion resulting from a spark emitted from the concrete walls of the manhole when struck with a metal bucket, on the ground that the precise injury could not have been foreseen.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

4. MASTER AND SERVANT (§ 124*)—INJURIES TO SERVANT—DUTY OF MASTER.

Where a master required his servants to work in manholes, it was his duty to inspect them to see that they were in a reasonably safe condition, and the fact that they were filled with combustible gas, the source of which the master did not know, will not free him from

liability for damages for injuries from an explosion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

5. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—ACTIONS—JURY QUESTION.

In a personal injury action against a master, the question of the master's negligence *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

On Motion for Rehearing.

6. APPEAL AND ERROR (§ 1002*)—VERDICT—CONFLICTING EVIDENCE.

A verdict on conflicting evidence is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by M. Sapp against F. E. Ebersole and others. From a judgment for plaintiff against the named defendant, he appeals. Affirmed.

W. L. Cook, of Houston, for appellant. Green & Boyd, of Houston, for appellee.

TALIAFERRO, J. This suit was brought in the district court of Harris county, Tex., by appellee, M. Sapp, to recover damages for personal injuries alleged to have been sustained in the service of F. E. Ebersole and the Home Telephone Company. The cause was submitted to a jury, and they returned a verdict in favor of the plaintiff against F. E. Ebersole for the sum of $1,000. Upon the verdict as returned judgment was rendered and entered, from which this appeal is perfected.

The allegations of negligence were: That appellant was negligent, in allowing gas to accumulate in the manhole, in failing to warn appellee of the presence of the gas and of the danger from its presence, in sending appellee into the manhole in its dangerous condition, in constructing the manhole of cement or hard substance, and in furnishing appellee a metallic bucket to dip water therefrom. Appellant pleaded general denial, assumed risk, contributory negligence, and that the injury resulted from a cause too remote to be reasonably anticipated by the appellant. The court instructed the jury to find in favor of the defendant telephone company, and the defendant gas company was dismissed.

[1] Appellant's first assignment of error assails the action of the trial court in refusing a peremptory instruction in his favor. The first proposition under the assignment presents the one question of whether there is any evidence upon which it could be legitimately inferred that the explosion occurred by reason of a spark generated by the act of appellee in striking a metal bucket against

the bottom or side of the manhole. The cases are not uncommon where the jury must draw, from the facts satisfactorily proven, inferences and deductions upon which they must base their verdict. That is their province; to reach the truth, despite obscurity and contradiction. Where there is no evidence from which the fact sought to be shown can be fairly deduced, then it is the duty of the court to take the question from the jury; but, where fair minds of ordinary intelligence could reach different conclusions from the evidence presented, the jury alone shall determine the truth. The evidence here, upon this issue, leaves much to be desired in certainty and definite intent; but such is often the case, and there was some evidence from which the jury could base the verdict as found.

[2] Before proceeding further, we think it well to briefly state the facts in the case. The suit was originally brought against the appellant, Ebersole, the Home Telephone Company, and the Houston Gas & Electric Company. The suit was not prosecuted against the last-named company, and the court instructed a verdict in favor of the telephone company. Ebersole was an independent contractor, maintaining repairs, etc., upon the property of the telephone company, including the manholes in the streets of the city of Houston. Appellee and another negro, named Abe Jones, were in Ebersole's employ, and part of their duty was to take out the water that accumulated in the manholes. In some of these manholes gas was found, and in others there was none. Both appellant and appellee were aware of this. Appellee and his fellow workman were instructed to dip the water out of the manhole in question and were provided with a metallic bucket for the purpose. There was gas in this hole. Appellee descended into the hole, and by use of the metal bucket was dipping up the water, and while so engaged the gas became ignited, exploded, and appellee was injured. There is no evidence from which it can ever be inferred that appellee lighted a match while in the hole. The bottom and sides of the manhole were composed of cement and brick. Appellee had been engaged in this kind of work for appellant for several weeks, but did not know, and had never been told, that using a metal bucket, under the circumstances, was likely to generate a spark which would ignite the gas. Neither had appellant knowledge of that fact; but it is admitted that such a spark, if emitted, would ignite combustible gas, such as was in this hole. So much is undisputed. The facts about which the evidence is in conflict are: Whether appellant and appellee were aware of the gas in this hole; whether appellee had been warned of the dangers of his work; whether appellee descended into the hole with a lighted cigarette in his mouth; whether a lighted cigarette would

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

have ignited the gas and caused such an explosion; whether the contact of such a bucket as that used by appellee with a substance such as composed the bottom or walls of the manhole would emit a spark; and whether such contact did in fact emit a spark which did in fact ignite the gas.

From the above statement of facts it is apparent that the jury must have reached its opinion upon the cause of the explosion by means of elimination and deduction. They evidently believed the statement of appellee that he did not descend into the hole with a lighted cigarette; there was no evidence to support the contention that he lighted a match while in the hole; there is no evidence of fire coming from any other source which could have ignited the gas—and yet the gas exploded. Appellee testified that while in the hole, which was nearly empty of water, and while stooping over dipping out the last small portion of water left, he scraped the bucket along the bottom of the hole, and there was an immediate flash of light and an explosion. In this state of the evidence, the jury were relegated to the only remaining hypothesis which would explain the explosion; that is, that a spark of fire had been generated when the bucket came in contact with the hard bottom of the manhole. There was evidence that such a contact would have that effect, and that such a spark would ignite the gas. We think the evidence was sufficient to support the jury's finding.

[3] In appellant's second proposition under this assignment, he seems to contend that the proximate cause of the injury in this case was an event or occurrence so remote and unusual as to have been beyond the power and without the duty of appellant to anticipate or guard against. The rule that an injury which could not have been foreseen or reasonably anticipated as the natural and probable result of a negligent act is not actionable because it is not the proximate cause, if not universally settled, is supported by great authority. Kreigh v. Westinghouse, Church, Kerr & Co., 152 Fed. 120, 81 C. C. A. 338, 11 L. R. A. (N. S.) 684. But the rule has proper and well-defined limitations in its application. The true test, as applied by our Supreme Court, is, not whether the very occurrence which happened should probably have been anticipated, but whether the injury suffered by the plaintiff, or some like injury to some one, ought to have been anticipated by the defendant. T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Washington v. M., K. & T. Ry. Co., 90 Tex. 320, 38 S. W. 764; Railway v. Hayter, 93 Tex. 242, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856; Railway v. Kieff, 94 Tex. 334, 60 S. W. 543. "It is not necessary that the particular event which occurred should have been contemplated. It is enough if the probable happening of some accident of the kind should have been contemplated which involved damage to the property of others that ought to have been guarded against." St. Louis, B. & M. Ry. Co. v. Maddox, 152 S. W. 225, and authorities cited.

The manhole into which appellant sent his servant was an unsafe place to work because of the combustible gas accumulated therein, and, this fact being known to appellant, it became his duty to protect the servant from any act or occurrence, reasonably to be anticipated, which would increase the dangers of the place while he was there. Appellant knew that if fire came into contact with the gas while appellee was in the manhole an explosion and appellee's injury were inevitable. It may be that such a danger from striking a metal bucket upon cement and brick should not ordinarily or usually be expected to occur, but this was not an ordinary or usual situation. Unless protected against fire, appellee's position was one of great peril, and appellant's duty was to anticipate and prevent every probable occurrence which was likely to subject his servant to that extra hazard. And while the evidence that the bucket in question was capable of striking a spark of fire from the substance of the manhole was in conflict, there was ample evidence upon which the jury could base their verdict that such was the case. Furthermore, it is a fact of common knowledge, and is in evidence here, that metal of some sort, iron or steel, will strike a spark from such material. We cannot see then wherein this happening is so remote or unexpected as to shock the sense of probability. There is a high degree of duty incumbent upon the master with reference to the implements furnished his servant with which to work. He is bound to inspect them and to determine whether they are reasonably safe and suitable instrumentalities for the performance of the duties then being performed.

In this case it is not shown that appellant exercised any care in the selection of the bucket in question, or that he made any effort of any kind to ascertain whether the implements being used by appellee in his work were reasonably suitable for the purpose. The servant was provided with a metal bucket to dip water out of a hole made of cement and filled with gas. If the evidence is to be believed, and the jury did believe it, the most natural and probable thing occurred; the bucket struck a spark from the bottom of the manhole which ignited the gas and appellee was injured. This case is not analogous to the cases cited by appellant. In those cases the facts show that no act of initial negligence was charged against the defendants. In the case of Dullnig v. Duerler Mfg. Co., 83 S. W. 889, the court says: "While bottles filled, with mineral water charged at a much higher pressure sometimes exploded from the force of the pressure, a bottle of the kind charged with no higher than the one in question was never known before to explode, and it could not have been reasonably anticipated that this one would,

while handled in the manner it was." And in the case of Pullman Co. v. Caviness, 53 Tex. Civ. App. 540, 116 S. W. 410, the court said: "In this case it is shown by the undisputed evidence that the defendant did not know that its servants were exposed to any unusual or abnormal risk in the application of the bedbug poison."

[4] The third proposition under this assignment contends that there is no evidence from which the jury could have inferred negligence on the part of Ebersole, in the matter of gas being in the manhole. There is no merit in this contention. The evidence is more than sufficient to show that appellant knew that gas frequently, if not usually, accumulated in the manholes where appellee was working, and the evidence does not show that he ever made any effort to prevent or remove the condition. The fact, if true, that appellant did not know whence the gas came, would not make it less an act of negligence to allow it to so accumulate and remain in the hole where his servants were sent to work. It was not only appellant's duty to inspect the manholes to ascertain their condition, but to exercise reasonable care after such inspection to render them safe places for appellee to pursue his labor.

The second assignment of error is overruled. Considering the charge as a whole, we do not think the paragraph in question is subject to the objections urged by appellant. The facts to be found were upon issues which were raised by the evidence.

[5] Appellant's third assignment of error assails the charge of the court which submits to the jury the question of appellant's negligence in furnishing appellee a metal bucket as the implement with which to dip the water from the manhole. It is very earnestly urged in support of this assignment that there is no evidence from which the jury could legitimately draw the inference that this act was negligent or that the use of such bucket was the proximate cause of the injury. We have already sufficiently discussed the question of proximate cause. But how far may appellant's contention be sustained that the evidence does not support the inference that defendant was negligent in furnishing his servant with a metal bucket to use in the work? Let us see. There is evidence that the manhole was built of a very hard substance made of cement. Also, that iron or steel struck upon this substance will emit a spark of fire. It is sharply controverted whether a galvanized iron bucket, used as plaintiff used it, will cause such a spark. But there is evidence that it will. If appellant had required his servant to go into this hole with a pick or drill of steel or implement of iron, with instructions to perform a service which would have brought the steel or iron sharply in contact with the cement, it would hardly be contended that negligence could not be inferred from his act. Why not then in this case, where

he furnished the servant with another metallic implement, which by some evidence it appears would probably cause the same effect. It appears to us that it is a matter only of degree of probability and purely a question for the jury. The third assignment is therefore overruled.

The charge of the court is not subject to the objections urged by appellant's assignments of error Nos. 4 and 5, and they are overruled.

There was no error in refusing to give appellant's special charges Nos. 2, 5, 7, 11, and 9. So much of these charges as is proper was sufficiently covered by the court's general charge to the jury. The seventh, eighth, ninth, tenth, and eleventh assignments of error are therefore overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[6] In his motion for rehearing appellant contends that we were in error in our findings of fact when we say that there was no evidence that appellee lighted a match while in the manhole. The contention is correct. We overlooked the testimony of Ebersole and Abe Jones that appellee stated, in their hearing immediately after the injury, that the explosion was caused by his lighting a cigarette. But this is not material, as at best it but created a conflict in the evidence which was resolved by the jury in favor of appellee.

Throughout his brief and in his motion for rehearing appellant dwells with great insistence upon the idea that plaintiff's injury was the result of a "most extraordinary event" and one that no amount of perspicuity would have anticipated. But appellant persistently ignores his original act of negligence in allowing explosive gas to accumulate and remain in the manholes. With that condition of danger existing, then the question of remoteness of the occurrence which brought about the damage is not apparent. If by bringing a bucket, such as appellee was using, in contact with such material as the manhole was composed of would and was likely to cause a spark of fire to be emitted, wherein is found the remoteness between the two concurrent causes of the appellee's injury? If the bucket and the manhole, both furnished by the master, were of such substance as to create such a spark, then the creation of such a spark was but the result of a natural law. The duty was upon the master to furnish the servant a reasonably safe place to work. He did not do so. His duty was to furnish the servant reasonably safe appliances with which to work. He did not do so. The use of the appliance provided the servant, in the place where he was put to work, resulted in the explosion which caused the servant's injury. The master owed the servant the duty to inspect the place and the appliance and to ascertain their condition and fitness for the work being

performed. The servant owed the master no duty to inspect and was bound to know only the obvious risks and the dangers naturally growing out of the condition and reasonably probable in the sequence of events.

We see no error in our opinion, and the motion for rehearing is overruled.