AGENT v. HOUSTON BELT & T. RY. CO.
et al. (No. 8265.)

(Court of Civil Appeals of Texas. Galveston. Jan. 5, 1923.)

1. Master and servant ⊂⊃125(6)—Carrier not chargeable with knowledge of contents of trunks accepted as baggage.

A carrier is not chargeable with knowledge of the contents of trunks or other packages offered for transportation as baggage, and, where the outward appearance of such does not suggest a suspicion as to its contents, the carrier is not only not required to inspect such contents, but has no right to make such inspection.

2. Negligence ⊂⊃59—Injury actionable if foreseen.

Whether acts of defendants constitute actionable negligence depends upon whether resultant injury or some like injury could have

been reasonably anticipated as the result of the acts complained of.

3. Master and servant ⊂⊃129(1)—Injury by discharge of a pistol in trunk handled as baggage held not actionable.

A railroad company held not liable for the death of an employé resulting from the discharge of a loaded pistol in a trunk which he was unloading from a truck to the baggage room floor; failure to have the floor raised to the level of the truck, or to construct it of a resilient material, or to furnish mats or shock-absorbing devices for the use in unloading such baggage being not negligence as would make the company liable in the absence of knowledge or its equivalent of the contents of the trunk.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Clara Agent against the Houston Belt & Terminal Railway Company and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

W. P. Neblett, of Houston, for appellant.
Andrews, Streetman, Logue & Mobley, W. L. Cook, and Robert F. Campbell, all of Houston, for appellees.

LANE, J. This suit was brought by appellant, Mrs. Clara Agent, against the Houston Belt & Terminal Railway Company and James C. Davis, Federal Agent, to recover damages in the sum of $25,000 alleged to have been suffered by her by reason of the death of her husband, Talley Agent.

The plaintiff alleged:

That "on or about the 15th day of October, 1918, at about the hour of 9:15 o'clock at night, her husband, Talley Agent, while in the employ of the defendants, and while in the discharge of his usual and customary duties, and within the usual and ordinary scope of his employment of unloading baggage from a truck to the floor of the baggageroom of defendant in its baggageroom in its terminal station at Crawford and Prairie streets, in the city of Houston, Harris county, Tex., and while in the act of removing one of the trunks from the said truck to the floor of said baggageroom, and while he was lifting it down from said truck in a careful manner, and when said trunk came in contact with the floor of said baggageroom, a loaded pistol on the inside of said trunk was, by reason of the jar incident to the trunk coming in contact with the concrete floor of said baggageroom, and the extreme hardness and nonflexibility of said floor, and the absence of any mat or other shock-absorbing device on said floor placed so as to break the jar of said trunk coming to the said floor, and the great distance it had to travel from the top of the truck to the floor, discharged, sending its bullet or load out through the wall of said trunk and into the heart of the said Talley Agent, thereby causing his immediate death.

"That the death of plaintiff's husband would not have happened but for the gross negligence of the defendants in the following particulars, to wit: (a) Defendants were negligent in ac-

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cepting for shipment a trunk such as this one, which was loaded with a deadly weapon which defendant knew, or could by the exercise of reasonable diligence have known, would be discharged by handling of said trunk, and result in just such a tragedy as happened in this case. (b) Defendant was negligent in not furnishing safe appliances to plaintiff's husband with which to work, in that it did not advise plaintiff's husband that said trunk was loaded with a pistol which would be discharged in the handling of said trunk, and plaintiff's husband relied on defendants to furnish him safe appliances with which to work, and he believed that said trunk was a safe appliance, and that it would not harm or injure him, and, if he had known that it concealed a loaded pistol, he would not have handled it, and would not have been killed thereby, but said negligence on the part of defendants was the proximate cause of the death of plaintiff's husband, and his death was the result of defendants' negligence, both in accepting said trunk for shipment and not advising plaintiff's husband that it contained a loaded pistol, which, if discharged, would kill him, and said accident would not have happened if defendants, their agents, servants, or employés had not been guilty of said gross negligence alleged above, both in accepting said trunk for shipment and in not warning plaintiff's husband that it contained a concealed vice which would take his life.

"That defendants failed to furnish plaintiff's husband a safe place in which to work, in that defendant, in constructing and maintaining its said baggageroom, did not build the floor of said room in a safe manner because said floor is not a raised floor, and said floor should be a raised floor, and elevated so as to be even with or above the floor of the trucks which are used to transport said baggage to and from the trains, as is customary in the construction and maintenance of modern baggagerooms, but said floor was constructed and maintained at least three feet too low, or lower than the bed of the trucks, or lower than an ordinarily prudent, careful, and efficient engineer or owner would have constructed and maintained the same, and the fact that the floor was so much lower than it should have been caused the trunk to gain additional momentum in coming down, which resulted in an unusual jar to it and the pistol located therein sufficient to discharge said pistol, which resulted in the death of plaintiff's husband, which death would not have happened but for the fact that said floor was so negligently constructed and maintained as to produce the result aforesaid, to wit, the death of plaintiff's husband, and said negligence was the proximate cause of said injury, and said injury the direct and proximate result of said negligence on the part of defendants, its servants, agents, or employés in the negligent construction of said floor.

"That defendants, their agents, servants, and employés failed to furnish plaintiff's husband a safe place in which to work, for the further reason that defendant, in constructing said floor, built it, and now negligently maintains it, of a material known as solid concrete, which is a substance containing absolutely no resiliency or flexibility, but is as hard as flint, instead of building said floor of wood or such other material as would have some flexibility

thereto, and thereby protect the lives of its employés, and reduce the jar caused by the unloading of said trunk to such an extent that the explosion of said pistol would not have occurred, and plaintiff's husband would not have been killed, but defendants in building and maintaining such a hard and nonflexible floor were grossly negligent, and such negligence was the proximate cause of the injury which resulted in the death of plaintiff's husband, and his death was the direct result of said negligence on the part of defendants.

"That defendant failed to furnish plaintiff's husband a safe place in which to work and safe appliances with which to work, in that it failed to furnish him with any mat or other shock-absorbing device with which and upon which to unload said trunk, as is customarily used and furnished in baggagerooms which do not have raised floors, as is the case in this instance, and which would have • prevented the jar which caused the explosion of the pistol which caused the death of plaintiff's husband, and such negligence on the part of the defendants, their agents, servants, or employés in not furnishing such mat or shock-absorbing device to plaintiff's husband to unload the said trunk upon, and which would have prevented the said explosion and plaintiff's husband's death, was the proximate cause of his death, and his death was the direct and proximate result of such negligence on the part of defendants in not furnishing said safe appliances to plaintiff's husband with which to work, and his death would not have occurred if defendants had furnished said safe appliances.

"That defendants were negligent in not giving plaintiff's husband some warning that said trunk contained said deadly explosive, to wit, said loaded pistol, which, if discharged, would have resulted in his death, and, if they had so warned him, he could have gotten extra help to remove the said trunk without any jar whatever, and thereby have saved his life, and such gross negligence in not warning him of said concealed danger, of which he knew nothing, on the part of the defendants was negligence, and was the proximate cause of this plaintiff's husband's death, which would not have occurred if he had been warned by defendants so he could have gotten out of the way.

"Plaintiff says that, by reason of the gross negligence of the defendants, their agents, servants, and employés, as set out above, she is deprived of her husband, whose age at his death was 42 years, and she is deprived of the proceeds of his labor for the rest of his natural life, and she has suffered and will continue to suffer great mental anguish by reason of her loss, and says that by reason of the gross negligence of defendants she is now deprived of her said husband, to her damage in the sum of $25,000, which amount she is entitled to receive for said loss, and which amount defendants should pay her.'"

Defendants answered by general demurrer, which was by the court sustained, and, upon plaintiff's declining to amend, the cause was dismissed. Plaintiff has appealed, and assigns as error the action of the court in sustaining the general demurrer.

The plaintiff does not charge that the defendants knew that the loaded pistol was in

the trunk handled by the deceased, nor that by the exercise of reasonable diligence they could have so known, but charges only that defendants were negligent in accepting the trunk, which, as a matter of fact, did contain a loaded pistol, and, without charging defendants with knowledge that the trunk contained a loaded pistol, proceeds to charge that defendants knew, or could by the exercise of reasonable diligence have known, that said pistol would be discharged by handling the said trunk, and result in just such tragedy as did happen, and therefore defendants were negligent in not warning the deceased of such probable result. The plaintiff alleged that defendants were also negligent in the following particulars: (a) In not having a raised floor to its baggageroom, so that it would be on a level with the body of trucks upon and from which baggage was to be unloaded and loaded; (b) in having and maintaining a concrete floor in its baggageroom instead of a floor made of wood; and (c) in not placing mats or some other shock-absorbing device on the floor of its baggageroom.

"Unless such specific acts, considered independently of the legal conclusion of the pleader, constitute negligence from which the injury sustained by plaintiff's decedent, Talley Agent, might reasonably have been anticipated as a natural and probable consequence, the petition was demurrable. The mere fact that the floor of the baggageroom was of concrete or other hard substance, instead of wood, or that there were no rubber mats or shock-absorbing devices on the floor, or that the floor of the baggageroom was not on a level with or above the floor of the trucks used in moving baggage, are immaterial factors, except when considered in connection with this particular trunk containing a loaded pistol, so packed in the trunk as to be discharged in the usual handling or lifting of the trunk from the floor of the truck to the floor of the baggageroom. This is necessarily true, for, notwithstanding the hardness of the floor, the distance from the floor of the truck to the floor of the baggageroom, or any other alleged defect in construction and maintenance, the danger of injury to plaintiff's decedent on the particular occasion arose solely because of the fact that the trunk contained a loaded pistol that was caused to be discharged without negligence on the part of plaintiff's decedent. But for this loaded pistol there would have been no explosion, and no duty to warn plaintiff's decedent of such danger. Therefore, while several grounds of negligence are asserted, there is in fact but one material question presented, namely, whether a railroad company, in the absence of any circumstance reasonably tending to excite suspicion as to the contents of a trunk being transported and handled by it as a common carrier, is chargeable, as a matter of law, with the knowledge that such trunk contains a loaded pistol so packed as to explode in the ordinary handling of baggage of like appearance and kind."

[1] We agree with appellee that it can be confidently asserted that a carrier is not chargeable with knowledge of the contents of trunks or other packages offered to it for transportation as baggage; that is, that when trunks or other packages are presented to a carrier for transportation as baggage, and the outward appearance of such baggage is not such as to create suspicion as to its contents, such carrier is not only not required to inspect such contents that it may acquaint itself with the exact nature thereof, but that as a matter of law such carrier has no right to make such inspection, nor to demand such particular information as to such contents. It would indeed be unreasonable in such case to demand such information.

[2] Whether the acts of the defendants alleged to be actionable negligence were in fact such negligence depends upon whether the resultant injury or some like injury could have been reasonably anticipated as a result of the acts complained of. If no such injury could have been so anticipated, no recovery could be had. The foundation of liability is knowledge, or, what is deemed in law to be the same thing, opportunity, by the exercise of reasonable diligence, to acquire knowledge of the peril which subsequently results in injury. Therefore an injury is not actionable if by the exercise of ordinary or reasonable care it could not have been foreseen or reasonably anticipated. Negligence presupposes a duty of taking care, and this, in turn, presupposes knowledge or its equivalent. Mischief which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, cannot be taken into account as a basis upon which to predicate a wrong. Butler v. Gulf Pipe Line Co. (Tex. Civ. App.) 144 S. W. 340; Ebersole v. Sapp (Tex. Com. App.) 208 S. W. 156; Pullman Co. v. Caviness, 53 Tex. Civ. App. 540, 116 S. W. 410; Nitro-glycerine Case, 82 U. S. (15 Wall.) 524, 21 L. Ed. 206.

In Butler v. Gulf Pipe Line Co., a case in which a writ of error was denied by our Supreme Court, it is said:

"In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances; and the question of probable cause depends upon the further question whether a reasonably prudent man, in view of all the facts, would have anticipated the result—not necessarily the precise injury, but some like injury produced by the same or some similar intervening agencies."

Numerous authorities are cited as supporting the rule quoted.

[3] There being no constructive knowledge of the dangerous contents of the trunk in the present case, and there being no allegation of actual knowledge thereof, there was nothing upon which a recovery could have been sustained, and clearly no cause of action was alleged.

Believing, as we do, that the only fair and

reasonable deduction to be drawn from the allegations of the plaintiff's petition is that the unfortunate accident which resulted in the death of the deceased occurred without fault on the part of the defendants, and that as to defendants it was an unforeseen accident, the judgment is affirmed.

Affirmed.