

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:

Opinion No. O-2822
Re: Is it legal for a subdivision of Orange County to hold a stock law election to regulate the running at large of cattle, hogs, sheep, goats, horses, mules, jacks and jennets, within less than two years after a countywide election has been held, adopting the law, regulating the running at large of hogs, sheep and goats, in said county?

Your letter requesting an opinion of this department on the propositions, hereinafter stated, has been received.

We quote from your letter as follows:

"On May 13, 1940, a stock law election was held in Orange County, voted on by the entire county, to determine whether hogs, sheep and goats should be allowed to run at large in Orange County, which election resulted in a majority of the votes being cast 'For the Stock Law.' The proper proclamation was made and posted, and at the present time hogs, sheep and goats are not allowed to run at large in Orange County.

"On December 9, 1940, upon a petition signed by freeholders of a certain subdivision of Orange County, the Commissioner's Court ordered, and the County Judge issued such order, for an election to be held in such subdivision on January 25, 1941, to determine whether cattle, hogs,

sheep, goats, horses, mules, jacks and jennets should be allowed to run at large in such subdivision.

"It has been called to the attention of the Commissioner's Court that such election, if held, would be invalid and void for the reason set forth in the attached brief, and even though void, if such election resulted in defeat of the proposition, a great deal of confusion would exist in such subdivision as to just what the law was regarding stock, to say nothing of the unnecessary expense incurred by the County in holding such election.

"I would like to have your opinion as to the legality of such election, and, if in your opinion such election would be void, can the Commissioner's Court annul and rescind their order before January 25, and call-off such election. Please bear in mind that the objections are leveled not at the manner or form of holding such election, but at the complete lack of authority of the Commissioner's Court to order such election."

In our opinion No. O-2189, we have briefly reviewed the history of the statutory law dealing with the regulation of stock running at large. We quote from said opinion as follows:

"Section 23, Article 16 of the State Constitution provides that:

"'The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them, before it shall go into effect.'

12

"The constitutional power of the Legisla-
ture extends to the enactment of local option
laws prohibiting the running at large of stock.
The Legislature has from time to time passed
such laws and has authorized elections to be
held in counties and sub-divisions thereof. The
first law passed authorized elections to pass
on propositions prohibiting small livestock,
hogs, sheep and goats from running at large.
Later, in 1899, the Legislature provided for
elections as to the running at large of horses,
mules, jacks, jennets and cattle. Texas Juris-
prudence, Vol. 39, page 354; Ex Parte Coden,
168 S. W. 559; Roberton vs. State, 63 S. W. 884;
Bishop vs. State, 167 S. W. 363."

The stock law under which the county-wide election
was held in Orange County dealing with the regulation of stock
running at large including specifically hogs, sheep or goats,
according to your letter, appears to be Article 6930, of the
Revised Civil Statutes, 1925. This Article was first enacted
in 1876 and amended in 1909. It was brought forward as Arti-
cle 7209 in the 1911 Revised Civil Statutes.

From your request petitioners who now are seeking
to hold an election in a subdivision of Orange County, appear
to be attempting to act, in part, under the provisions of
Chapter 6 of Title 121, of the Revised Civil Statutes, being
Articles 6954 to 6971, inclusive. Said articles provide for
local option elections to "determine whether horses, mules,
jacks, jennets and cattle shall run at large" in the partic-
ular named counties or their subdivisions, describe the pro-
cedure for such elections and the effect of the adoption of
such laws.

The 1911 Revised Civil Statutes, carried Article
6954 as Article 7235. Its substance is practically the same
in both revisions with the exception of the number of named
counties. Orange County is not included among the named
counties of said Article 7235.

The first thing to be determined in this opinion
is whether Orange County now comes within the provisions of
Article 6954 and the other succeeding articles in Chapter 6
of Title 121 of the Revised Civil Statutes, 1925.

Tracing back all of the amendments of Article 6954,
that we have been able to find, it appears that the name of

Honorable W. P. Sexton, Page 4

Orange County was first included therein in House Bill 495, Ch. 97, p. 194, of the General Laws of the Acts of the Thirty-eighth Legislature, 1923. It also appears that Orange County was not meant to be included by the Caption of the bill, which we quote as follows:

> "An Act to amend Article 7235, Chapter 6, Title 124, Revised Civil Statutes of Texas, 1911 as amended by Chapter 72, General Laws of the 34th Legislature, and Chapter 131, General Laws of the 35th Legislature, and Chapter 10 of the 3rd Called Session of the 35th Legislature, and Chapter 13 of the 4th Called Session of the 35th Legislature, and Chapter 105 of the Acts of the Regular Session of the 36th Legislature, and Chapter 50 of the General Laws of the 3rd Called Session of the 36th Legislature, and Chapter 32 of the General Laws of the Regular Session of the 37th Legislature, and Chapter 10 of the General Laws of the First Called Session of the 37th Legislature with reference to the mode of preventing horses and certain other animals from running at large in the counties named so as to include Leon and Refugio, Ft. Bend Counties."

As indicated above, Orange County was included in the body of H. B. 495 as one of the named counties therein.

Article 6954 was again amended by S. B. 31, Ch. 56, p. 197, of the General Laws of the Acts of the 39th Legislature, 1925, to include additional counties. Orange County is not included in the caption of this Act but does appear in the body of the Act.

At the same session of the Legislature, last referred to, Article 6954 was again amended by H. B. 576, Ch. 99, p. 274, of the General Laws, so as to include two additional counties. The caption does not include Orange County, although it does appear in the body of the amended Act.

The name of Orange County was omitted from the body of the next amendment which was H. B. 475, Ch. 101, p. 277, of the General Laws of the Acts of the Thirty-ninth Legislature 1925. The caption of the last Act purports to amend it so as to include certain specific counties. Nothing in the caption signifies an intention to omit Orange County from the amended Act.

In the 1925 Revised Civil Statutes, Article 6954 does not include the name of Orange County. Neither of the subsequent amendments, which are numerous, down to date, have included said county.

Articles 6954 to 6971, inclusive, is a stock law act applicable only to a particular part of the legislative jurisdiction, i. e., certain named counties and is therefore a local or special law. Haralson v. Suzuki, 300 S. W. 190; Barron v. Boyles, 21 S. W. (2d) 716; Vincent v. State (Comm. App.) 235 S. W. 1084; Commissioners' Court v. Garrett (Comm. App.), 236 S. W. 970. Being a special or local law it does not apply to counties of the State of Texas that are not specifically named therein. (See authorities cited above).

Article III, Section 35, of the Texas Constitution, deals with the requirement of the title or caption of bills of the Legislature. A title expressing a purpose to amend a statute in a certain particular is deceptive and misleading insofar as the body of the Act purports to amend the prior in other particulars. Ward Cattle & Pasture Co. v. Carpenter (S. Ct.) 200 S. W. 525; Hamilton v. St. Louis, S. F. & T. R. Co., 115 Tex. 455, 283 S. W. 475; Arnold v. Leonard, 114 Tex. 535, 253 S. W. 799. We desire to quote from the case of Ward Cattle & Pasture Co. v. Carpenter, supra, as follows:

> "The purpose of the constitutional provision in respect to the title of legislative acts is well understood. It is that by means of the title the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented. . . ."

The amendatory act is void to the extent that its provisions go beyond the expressed limitation or the scope of the title. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Walker v. State, 134 Crim. Rep. 500, 116 S. W. (2d) 1078; Landrum v. Centennial Rural High School District No. 2, (Civ. App.) 134 S. W. (2d) 353; 34 Tex. Juris. Sec. 48, pp. 104-105, and cases cited.

Since the caption of each amendment does not include Orange County and the expressed purpose shown in each caption is to amend the statute so as to include specifically named counties, it is our opinion, under the authorities cited,

Honorable W. P. Sexton, Page 6

that Orange County or its subdivisions have never been properly included within the provisions of Article 6954 and that it, or its subdivision, cannot lawfully hold an election under the provisions of that article.

There is no inherent right in the people, whether of the State or some political subdivision thereof, to hold an election without the authority for holding same being authorized by law. Williams v. Glover, (Civ. App.) 259 S. W. 957; Trustees of Independent School District No. 57 v. Elhon, (Civ. App.) 223 S. W. 1039; County v. Mitchell, (Comm. App.) 38 S. W. (2d) 770; Smith v. Morton, Independent School District, (Civ. App.) 85 S. W. (2d) 853, error dismissed. Therefore, it is our opinion, that the legally defined subdivision of Orange County, referred to in your request, cannot legally hold the election contemplated and that the Commissioners' Court of Orange County, as well as its County Judge, have no power or authority to order the election to be held on January 25, 1941. Any such orders would be without authority and therefore void. The Commissioners' Court and County Judge, each, acted purely in a legislative or administrative capacity as representatives of the county and therefore their respective orders can be and should be rescinded. August A. Bush & Company v. Caufield, et al, 135 S. W. 244; Collingsworth County v. Myers, 35 S. W. 414; Austin Bros. Bridge Co. v. Road District No. 3 (Civ. App.) 247 S. W. 647; 11 Tex. Juris. Sec. 34, pp. 573, 574.

The next thing to be determined is whether the contemplated election can be lawfully ordered and held under Article 6930 and succeeding articles of Section 2 of Title 121, Revised Civil Statutes, 1925.

Your request shows that the people of Orange County have already voted favorably for the adoption of the regulation of "hogs, sheep and goats" running at large within said county as provided in Articles 6930-6953 inclusive. For that reason Article 6944 is applicable, we think, to subsequent elections within a subdivision of Orange County. That article provides as follows:

"After the adoption of the stock law in any county or subdivision, no election under the preceding articles shall be held within the same prescribed limits in less than two years after an election under this law has been held

131

therein; but at the expiration of that time the commissioners court of each county in the State, whenever petitioned to do so by a majority of the freeholders, who are qualified voters under the constitution and laws of a county which has formerly adopted the stock law, or by a majority of the freeholders who are qualified voters under the constitution and laws of the subdivision of a county which has formerly adopted the stock law, shall order another election to be held by the freeholders who are qualified voters under the constitution and laws of such county, or subdivision, to determine whether hogs, sheep and goats shall be permitted to run at large in said county or subdivision, which election shall be ordered, held, notice thereof given, the votes returned and counted in all respects as provided by this law for a first election."

Since the facts show that all political subdivisions of Orange County were included in the county-wide election, hereinabove referred to, it is our opinion that the contemplated election to be held on January 25, 1941, cannot be properly held for the reason that it would be within the terms prohibiting such election as provided in said Article 6944, as quoted above. Winder v. King, 1 S. W. (2d) 587 (Comm. App.).

For all of the foregoing reasons we do not think it is necessary to answer the other matters submitted in your request.

APPROVED JAN 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

HM:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harald McCracken

Harold McCracken
Assistant

